Harold Wayne BAILEY, Appellant,

v.

The STATE of Texas.

No. 2189–01.

Court of Criminal Appeals of Texas, En Banc.

March 24, 2004.

Rehearing Denied June 16, 2004.

R. Scott Shearer, Houston, for Appellant.

Alan Curry, Asst. DA, Houston, Matthew Paul, State's Atty., Austin, for State.

## OPINION

MEYERS, J., delivered the opinion of the Court, in which PRICE, JOHNSON, HOLCOMB, and COCHRAN, J.J., joined.

Appellant Harold Wayne Bailey pleaded guilty to the offense of failure to stop and render assistance. TEX. TRANSP. CODE § 550.021(c). The trial court imposed a probated sentence, and later added an order for payment of restitution to the conditions of community supervision. Appellant filed a notice of appeal from the restitution order, which was dismissed as untimely by the court of appeals. We granted review to clarify the application of Texas Rule of Appellate Procedure 26.2, governing time to perfect an appeal. We hold that the notice of appeal in this case was timely, and therefore we will reverse the court of appeals.

On February 12, 2001, appellant pleaded guilty to the offense of failure to stop and render assistance. At that time, the trial court assessed punishment at 5 years, probated for 10 years, and imposed general conditions of community supervision. The trial court then reset the case for a hearing on March 12, 2001, to consider the State's request for restitution as a further condition of probation. On the plea form, defendant explicitly reserved the right to appeal any restitution ordered.

At the March 12th restitution hearing, the State presented testimony from the victim's mother, and evidence in the form of medical bills. Appellant unsuccessfully argued that restitution did not flow from the offense of failure to stop and render aid. The trial court ordered that the conditions of probation be amended to require appellant to make restitution payments in the amount of $49,148.43 to the victim. The order was reduced to a writing entitled "Conditions of Community Supervision; 1st Amended," which was signed and entered on the same date, March 12, 2001.

On April 4, 2001, appellant filed a notice of appeal. The notice stated:

The Defendant desires to appeal the JUDGMENT and SENTENCE in the above cause, in addition to the Court's appealable ORDERS concerning restitution and probationary conditions. The trial court has granted the Defendant permission to appeal.

In an unpublished memorandum opinion, the 14th Court of Appeals dismissed the appeal as untimely. *Bailey v. State*, No. 14–01–00466–CR, (Tex.App.-Houston [14th Dist.] Aug. 23, 2001) (not designated for publication), 2001 WL 950939, 2001 Tex. App. LEXIS 5738. The court of appeals noted that because no motion for a new trial had been filed, appellant had 30 days after the sentence was imposed to file a notice of appeal. *Id.*, citing TEX.R.APP. P. 26.2(a)(1).[1] Because the notice of appeal

---

1. The relevant portion of Rule 26.2, governing time to perfect appeal, reads as follows:

 Criminal cases.
 (a) By the Defendant. The notice of appeal must be filed:

 (1) within 30 days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order; or
 (2) within 90 days after the day sentence is imposed or suspended in open court if

was filed more than 30 days after the *original* sentencing hearing (which was on February 12, 2001), the court held that the appeal was not timely perfected, and that the court of appeals therefore had no jurisdiction to address the merits of the appeal. *Bailey,* 2001 WL 950939, 2001 Tex.App. LEXIS 5738 (citing *Slaton v. State,* 981 S.W.2d 208, 210 (Tex.Crim.App.1998)).

Appellant filed a motion for rehearing and a motion to reinstate the appeal, both of which were overruled. This Court granted discretionary review. Appellant argues that his notice of appeal, filed within 30 days of the March 12 restitution order, was timely. He notes that the court of appeals' holding would have the undesirable result of barring any appeal from an order issued more than 30 days after the original judgment. The State argues that the trial court's order requiring appellant to pay restitution as a condition of probation is not, by itself, an appealable order. Therefore, the State argues, because appellant's notice of appeal was filed more than 30 days after the original judgment and sentence, the court of appeals properly dismissed appellant's appeal.

 Our precedent has established that conditions of community supervision imposed at the time of the original sentencing may not be appealed at a revocation hearing, unless they were objected to when originally imposed. *Hull v. State,* 67 S.W.3d 215, 217 (Tex.Crim.App.2002). Furthermore, the court of appeals lacks jurisdiction to hear a challenge to a judgment of conviction brought more than 30 days after the imposition of community supervision, unless a motion for a new trial was timely filed. *Manuel v. State,* 994 S.W.2d 658, 660 (Tex.Crim.App.1999) citing TEX.CODE CRIM. PROC. ANN. art. 42.12, § 23(b)(Vernon Supp.1998)(defendant's the defendant timely files a motion for new

right to appeal conviction and punishment accrues when defendant is placed on community supervision). Those holdings are not determinative, however, of the issue in this case. At issue in this case is not whether the restitution order itself is an appealable order. Instead, the issue is at what time appellant's full sentence was actually assessed and imposed. Was the sentencing complete: 1) at the initial sentencing hearing on February 12, 2001, or 2) at the time the trial court ordered restitution, on March 12, 2001? Due to the unique facts of this case, we find that the sentence was actually imposed at the restitution hearing, and we reverse the court of appeals.

Appellant cites two cases for the proposition that restitution orders are appealable at the time they are imposed. *Cartwright v. State,* 605 S.W.2d 287 (Tex.Crim. App.1980); *Lemos v. State,* 27 S.W.3d 42 (Tex.App.-San Antonio 2000, no pet.). Although we find for appellant, we disagree that either *Lemos* or *Cartwright* are determinative in this case. Though both of those cases involved appeals from restitution orders imposed as conditions of probation, the restitution orders in those cases were entered at the time of the initial sentencing, not weeks later (as in appellant's case). *See Cartwright,* 605 S.W.2d 287; *Lemos,* 27 S.W.3d 42.

The State cites several cases for the proposition that an order altering or modifying probationary conditions is not appealable. *Basaldua v. State,* 558 S.W.2d 2, 5 (Tex.Crim.App.1977); *Dodson v. State,* 988 S.W.2d 833 (Tex.App.-San Antonio 1999, no pet.); *Jones v. State,* 680 S.W.2d 580 (Tex.App.-Beaumont 1984, no pet.). *Basaldua* involved a challenge to the trial court's refusal to modify a probation order that was entered at the time sentence was suspended in open court. No appeal was trial.

made at the time the conditions of probation were imposed, and the defendant filed his motion to modify the conditions 4 months later. The motion was denied after a hearing, and the defendant filed a notice of appeal to this Court a week after the denial of the motion. *Basaldua*, 558 S.W.2d at 2–4. We found:

> ... neither constitutional nor statutory authority which would confer jurisdiction on this court to hear an appeal from an order ... *altering* or *modifying* probationary conditions or an order, as in the instant case, refusing to alter or modify such conditions.

*Id.* at 6 (emphasis added). The Court held that it did not have jurisdiction to hear a direct appeal from a specific trial court ruling: an order denying a motion to modify existing conditions of probation which were entered at the time the sentence was originally suspended.

The operative word here is "modify." This Court was careful to point out that the matter was not an appeal from an original order granting or revoking probation. *Basaldua*, 558 S.W.2d at 6–7. Such appeals are clearly authorized by Article 42.12 § 23(b) of the Texas Code of Criminal Procedure, and the timing for notice of appeal is governed by Rule 26.2 of the Texas Rules of Appellate Procedure. A motion to modify an existing condition of probation, on the other hand, could conceivably be brought at any time during the term of the probation. The denial of such a motion is not final, because under Article 42.12 § 11(a), "the judge of the court having jurisdiction of the case shall determine the conditions of community supervision and may, at any time, during the period of community supervision alter or modify the conditions." Tex.Code Crim. Proc. Ann. art. 42.12 § 11(a) (Vernon 2004). Appellant's case, however, was not a modification; the sentence was not complete until March 12, 2001, the date of the restitution hearing. Thus, *Basaldua* is not controlling.

In *Dodson*, also cited by the State, the court of appeals held that it did not have jurisdiction to hear an appeal from the denial of a motion for shock probation.[2] *Dodson*, 988 S.W.2d 833. The motion requesting shock probation in that case was timely filed, and a hearing was scheduled on the motion. Due to a series of scheduling problems and mis-communications, the hearing was scheduled 182 days after the original sentencing date. Since a trial court loses jurisdiction over the case 180 days after sentencing under Article 42.12 § 6(a),[3] the trial judge found that his authority to conduct the hearing had ceased, and he denied the motion. *Id.* at 834. The court of appeals held that it also lacked jurisdiction, under Texas Rules of Appellate Procedure 26.2(a)(1), because more than 30 days had passed since the imposition of the sentence. *Id. Dodson* is not decisive for the same reasons that *Basaldua* is not decisive: In appellant's case, no modification was being made to an *existing* order; rather, the sentencing was not complete until the restitution hearing.

---

2. After a trial court imposes a sentence of incarceration, and begins execution of the sentence (i.e., the defendant is actually incarcerated), the trial court may suspend further execution of the sentence and place the defendant on community supervision, or "shock probation," as it is commonly called. Tex. Code Crim. Proc. Ann. art. 42.12 § 6(a) (Vernon 2004).

3. Tex.Code Crim. Proc. Ann. art. 42.12 § 6(a): For the purposes of this section, the jurisdiction of a court in which a sentence requiring imprisonment in the institutional division of the Texas Department of Criminal Justice is imposed by the judge of the court shall continue for 180 days from the date the execution of the sentence actually begins.

In *Jones,* the other case cited by the State, the appellant was convicted of a theft offense. *Jones,* 680 S.W.2d 580. On May 10, 1982, the trial judge assessed the defendant's punishment at 10 years probation, and included restitution, in an amount to be set after the defendant filed a financial statement. The defendant filed for bankruptcy on June 29, 1982. On August 9, 1982, the District Judge signed a written order placing the defendant on probation and ordering the defendant to "[p]ay restitution in such sums and at such time as ordered by the Court." *Id.* at 580. But at that time, the bankruptcy court had not come back with a decision. Finally, on December 22, 1982, the bankruptcy court discharged the defendant's debts, which included amounts owed to the victims of the case. The hearing by the district court amending the probation judgment to include restitution was not held until July 29, 1983, many months after the original order placing the defendant on probation. The defendant then filed a "Motion to Set Aside Amended Conditions of Probation" less than 30 days after the restitution hearing, alleging that the order violated the bankruptcy court's discharge order. *Id.* The trial court denied the motion, and the defendant appealed the denial to the court of appeals. *Id.* The court of appeals concluded that it was without jurisdiction to consider the appeal, again based on the *Basaldua* holding. *Id.* at 581, (citing *Basaldua,* 558 S.W.2d at 5). *Jones* gives little guidance to appellant's situation, however, because the case concerned an amendment to a probation order, just as in *Basaldua* and *Dodson.* It can hardly be argued that the restitution hearing in *Jones,* held almost a year after the written community supervision order, was a continuation of the original sentencing. The community supervision order called for a *yearly* hearing "to consider the defendant's ability to make restitution." *Id.* at

581. And, the bankruptcy court proceedings complicated the matter because the proceeding was pending at the time of the written order by the district court. Due to these distinguishing factors, appellant's situation cannot be compared to the defendant's situation in *Jones.*

*Basaldua, Dodson,* and *Jones* stand for the proposition that no appeal lies from an order denying a motion to alter or modify existing conditions of community supervision. Here, unlike in the cases cited by the State, no restitution was ordered at the original sentencing, and the order imposing restitution was not an "alteration" or "modification" of the terms of community supervision. Article 42.037(e) of the Texas Code of Criminal Procedure states, in relevant part, that "[t]he imposition of the order [of restitution] may not unduly complicate or prolong the sentencing process." TEX.CODE CRIM. PROC. ANN. art. 42.037(e) (Vernon 2002). This statement, essentially including restitution in the "sentencing process," implies that restitution is imposed as part of the original sentence, and that the sentence is not complete until restitution is imposed. Article 42.01(25) of the Texas Code of Criminal Procedure also prescribes that "the judgment" should reflect ". . . a statement of the amount of restitution ordered. . . ." TEX.CODE CRIM. PROC. ANN. art. 42.01(25) (Vernon 2002). In appellant's case, not only did he not know the amount of restitution that would be imposed-he did not know whether restitution would be imposed at all. There was nothing to appeal *from* until the date of the restitution order on March 12, 2001. Additionally, when the court reset the case for a hearing to decide the State's motion for restitution, appellant specifically reserved the right to appeal any restitution that might be imposed. Clearly, the parties regarded the judgment

as incomplete until the amount of restitution was set at the later hearing.

The case *Arguijo v. State*, 738 S.W.2d 367 (Tex.App.Corpus Christi 1987) supports our holding. In *Arguijo*, on October 3, 1986, the judge signed and entered judgment finding the defendant guilty and sentencing him to probation. On December 11, 1986, a hearing was held in which the defendant was given his probationary terms and conditions. The defendant filed a motion for new trial on that same day. In its decision, the court stated: "We conclude ... that the judgment was incomplete on October 3 due to the court's failure to include probationary terms and conditions at that time. On December 11, when [defendant] was specifically informed of his duties, the judgment was then made whole, and [defendant's] sentence was imposed for purposes of perfecting appeal...." 738 S.W.2d at 369.

Similarly, appellant was not ordered to make restitution until the March 12 hearing. Before that time, he could not have appealed a decision granting restitution because there was no restitution award to appeal. In the unique facts of this case, the parties considered the sentencing to be incomplete until the amount of restitution, if any, was set.[4] Because of these facts, the day the sentence was "suspended in open court," within the meaning of Rule 26.2(a)(1), was the day the last condition of probation was decided, and appellant's filing of his appeal was timely.

Accordingly, the judgment of the court of appeals is vacated, and the cause re-

manded for a hearing to decide the merits of appellant's challenge to the restitution order.

COCHRAN, J., filed a concurring opinion.

KELLER, P.J., filed a dissenting opinion.

WOMACK, J., filed a dissenting opinion in which KELLER, P.J., and HERVEY, J., joined.

KEASLER, J., filed a dissenting opinion.

COCHRAN, J., concurring.

I join the majority opinion. I write separately only to emphasize that restitution is an adjunct to punishment for a criminal offense and must be imposed, if at all, at the time of sentencing.

An order of restitution is akin to the assessment of court costs which compensates the government for the use of judicial resources. The purpose of restitution is not to punish the offender; fines and imprisonment do that. The purpose of restitution is to compensate the victim for his losses.

> The principle of restitution is an integral part of virtually every formal system of criminal justice, of every culture and every time. It holds that, whatever else the sanctioning power of society does to punish its wrongdoers, it should also insure that the wrongdoer is required to the degree possible to restore the victim to his or her prior state of well-being.[1]

---

**4.** In Judge Womack's dissent, he suggests that our holding today will allow each of "175,000 defendants" on probation "to appeal the modification of a condition of probation, thus avoiding the responsibility to obey the condition." But his assertion is based on a misconception that our opinion applies to *modifications* of conditions of probation. It does

not. The very premise of this holding today is that the sentencing hearing was not yet complete and thus *no modification occurred;* in *this* case, the date restitution was awarded was the time sentencing was complete.

**1.** *United States v. Webb*, 30 F.3d 687, 689 (6th Cir.1994) (quoting S.Rep. No. 532, 97th

Just as a criminal defendant must be informed of his punishment at the sentencing stage, so must he also be informed of the court costs and any restitution ordered. These are all aspects of, or adjuncts to, the sentence imposed.[2] That sentence must be orally imposed in open court in the presence of the defendant.[3] As we recently reiterated, "it is the pronouncement of sentence that is the appealable event, and the written sentence or order simply memorializes it and should comport therewith." [4]

The written judgment in a criminal case should contain a description of all of these items—the fine, any imprisonment, the court costs, any restitution, and any other special sentencing findings—so that the defendant, the State, the courts, victims, and any other interested person may always refer to the written memorialization of the oral sentence and know its contents.[5] Article 42.01, § 1(25) explicitly states that, "in the event that the court orders restitution to be paid to the victim," the judgment should contain "a statement of the amount of restitution ordered and . . . the name of the victim and the permanent mailing address of the victim at the time of the judgment. . . ." [6]

Article 42.037 expressly deals with restitution and its imposition. It begins with the statement that:

In addition to any fine authorized by law, the court that sentences a defendant convicted of an offense may order the defendant to make restitution to any victim of the offense. If the court does not order restitution or orders partial restitution under this subsection, the court shall state on the record the reasons for not making the order or for the limited order.

If restitution is imposed *in addition to a fine,* and if the court must explain *on the record* why it declines to impose restitution to any victim of the offense, the plain meaning of the statute is that restitution is imposed at the same time as a fine, on the record, in the presence of the defendant and at the time of sentencing. Were there any doubt or ambiguity, section (e) of the same statute reads: "[t]he court shall impose an order of restitution that is as fair as possible to the victim. The imposition of the order may not unduly complicate or prolong the sentencing process." The plain meaning of this sentence is that imposition of a restitution order is part of the sentencing process. As surely as night follows day, then, "the sentencing process" is not complete until the order of restitution, if any, is made.

Article 42.037, § (g) explains when a defendant is required to pay the restitution that a court has ordered. If the court makes no specific payment provisions, the

---

Cong., 2d Sess. 30, *reprinted in* 1982 U.S.C.C.A.N. 2515, 2536).

**2.** *See, e.g., United States v. Chaney,* 964 F.2d 437, 451 (5th Cir.1992) ("Restitution under the VWPA [Victim and Witness Protection Act] is a criminal penalty and a component of the defendant's sentence"); *United States v. Snider,* 957 F.2d 703, 705 (9th Cir.1992) ("[b]ecause restitution under the VWPA is a criminal penalty, its imposition must comport with the substantive and procedural requirements of due process").

**3.** Tex.Code Crim. Proc. art. 42.03, § 1(a) ("[e]xcept as provided in Article 42.14, sentence shall be pronounced in the defendant's presence"); *see Ex parte Madding,* 70 S.W.3d 131, 135 (Tex.Crim.App.2002).

**4.** *Ex parte Madding,* 70 S.W.3d at 135 (quoting *Coffey v. State,* 979 S.W.2d 326, 328 n. 8 (Tex.Crim.App.1998)).

**5.** Tex.Code Crim. Proc. art. 42.01 § 1 ("[t]he sentence served shall be based on the information contained in the judgment").

**6.** *Id.* at art. 42.01, § 1(25).

defendant must pay all restitution "immediately," [7] *i.e.*, at the time of sentencing and at the same time that he pays any fine and court costs. However, as a practical matter, many, if not most, criminal defendants do not have the financial assets to pay restitution as a lump sum. Thus, article 42.037, § (g)(1) states that "[t]he court may require a defendant to make restitution under this article within a specified period or in specified installments" which may not be later than: the end of any probationary period; more than five years after the term of imprisonment has expired; or five years after the date of sentencing.[8] This same article then states that if the defendant is placed on community supervision, the court shall order that the payment of any restitution order shall be a condition of community supervision.

So—there are two separate events here. One is the order of restitution—an order that is pronounced orally in open court as a part of the sentencing process. The other is when that oral pronouncement is reduced to a written judgment. Unless otherwise provided for, it must be paid immediately in one lump sum. However, if the defendant is placed on community supervision, the trial court shall add the payment of the restitution order to the written terms and conditions of community supervision.[9] The trial court may, in those written terms and conditions, order restitution be paid, as a lump sum, within a specific time frame or it may order specific installment payments. The written conditions of community supervision specify how the restitution shall be made, and the trial judge may, "at any time, during the period of community supervision alter or modify" the terms and conditions by which the restitution shall be paid.[10]

The trial court may not, however, alter or modify the terms and conditions of probation to *add* a restitution order which was never made orally in open court and in the defendant's presence at the sentencing hearing.[11] The amount of the fine, court costs, and restitution [12] are set at the sentencing hearing, while the terms under which these items are paid are listed in the community supervision conditions. Those payment conditions may be altered or modified at any time. A defendant may not file a direct appeal to challenge these amendments to community supervision conditions, although he may challenge their constitutionality in a writ of habeas corpus.

With these comments, I join the Court's opinion.

---

7. *Id.* at art. 42.037, § (g)(3).

8. *Id.* at art. 42.037, § (g)(2).

9. *Id.* at art. 42.037, § (g)(1).

10. *Id.* at art. 42.12, § 11(a).

11. *See Ex parte Madding*, 70 S.W.3d at 136 ("[a] defendant has a due process 'legitimate expectation' that the sentence he heard orally pronounced in the courtroom is the same sentence that he will be required to serve").

12. Sometimes a restitution order cannot include a specific dollar amount. It may instead contain a description of the victim's loss whose precise monetary value cannot be determined, or the expense has not occurred, by the date of the sentencing. For example, under article 37.037(b)(1), the court may order a defendant charged with a property offense to pay an amount equal to or greater than "the value of the property *on the date of sentencing* less the value of any part that is returned on the date the property is returned." (emphasis added). Similarly, the trial court may order a defendant charged with inflicting bodily injury to pay "an amount equal to the cost of necessary medical and related professional services and devices relating to physical, psychiatric, and psychological care," for the victim, even though not all of those services may have been provided by the date of sentencing.

KELLER, P.J., dissenting.

Unless a motion for new trial is filed, a defendant must file notice of appeal "within 30 days of the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order."[1] So, the time to file an appeal begins to run from one of three events: (1) imposition of sentence in open court, (2) suspension of sentence in open court, or (3) the entering of an appealable order. None of these events describe the trial court's restitution order.

We have already held that the term "sentence" does not include the assessment of probation or the conditions of probation.[2] "[I]mposition of a sentence is profoundly different from the granting of community supervision."[3] The text of Rule 26.2 recognizes the distinction by referring to sentence that is "imposed or *suspended*"—the suspension of sentence referring to the granting of probation. So the first category is not before us.

But neither is the second. The trial court granted probation on February 12, 2001, when appellant pled guilty. Sentence was "suspended in open court" at that time. The restitution order occurred 28 days later. Sentence was not suspended a second time by the restitution order; sentence had already been suspended. If, at the restitution hearing, the trial court had declined to impose restitution, neither appellant nor the State could claim that sentence had not been suspended at the initial hearing. And in that case, what date would start the appellate timetable?

It could be that the date sentence was suspended would retroactively become the triggering date for an appeal, but if the decision were made after thirty days, an appellant would by then have lost the ability to appeal his conviction.

Moreover, an order of restitution, as with any other *condition* of probation, does not suspend the imposition of sentence. The granting of probation does that, not the conditions attaching to that probation.

Third, the restitution order is not otherwise an appealable order. As the Court observes, we held in *Basaldua v. State*[4] that orders modifying probationary conditions are not appealable.[5]

I respectfully dissent.

WOMACK, J., dissenting, in which KELLER, P.J., and HERVEY, J., joined.

Today the Court decides that the time to file notice of appeal began when the trial court entered its order fixing the amount of restitution. It does so in a published opinion that will lead, I fear, to a significant number of attempts to appeal from post-sentencing orders that impose or modify conditions of probation.

The Court attempts to limit the damage to our criminal justice system by limiting its holding to the facts of this case.[1] This may mean that other probationers will not succeed, as Bailey has, in having the merits of their appeals decided. But the damage will not come from having the merits

---

1. TEX. R. APP. P. 26.2(a)(1).

2. *Speth v. State*, 6 S.W.3d 530, 532 (Tex.Crim. App.1999).

3. *Id.*

4. 558 S.W.2d 2, 5 (Tex.Crim.App.1977).

5. Article 11.072 of the Texas Code of Criminal Procedure also appears to be relevant to the issue before us and, in my opinion, argues against the Court's interpretation.

1. *See ante*, at 16 ("In the unique facts of this case, the parties considered the sentencing to be incomplete until the amount of restitution, if any, was set").

decided. The damage will come from the appellate process itself, even though it leads to decisions by a court of appeals and this court that the appeal does not lie. Those decisions can be reached only after the appeals are heard. About two years will have passed, during which the trial court and the probation department will have no authority to supervise the person who has been found guilty (or subject to deferred-adjudication probation) because the judgment of probation is not final. More than 175,000 defendants are put on probation every year.[2] Because of this decision, each of them will be able to appeal the modification of a condition of probation, thus avoiding the responsibility to obey the condition. The Court says that my "assertion is based on a misconception that our opinion applies to *modifications* of conditions of probation. It does not."[3] I respectfully point out that I have misconceived nothing. I repeat that every probationer whose conditions of probation are modified will be able to appeal to *claim* that his sentencing, like Bailey's, was not complete until the modification was made. I do not understand how the Court is comforted by its prediction that each of these probationers will lose on the merits because each appeal will be held to be unlike Bailey's. That is beside the point that I am making, which is that today's decision makes the unsuccessful appeal possible, which makes the modified conditions unenforceable during the several years that will be consumed before the appeal ultimately fails. If there is a misconception about the effect of today's decision, the misconception is not mine.

This is but the latest in a series of decisions by this Court that have the effect of thwarting the legislature's decision in 1977 to have plea-bargainers placed in confinement or under probation supervision without appeal unless they met one of two conditions: they had the trial court's permission to appeal or they were appealing from a matter raised by written motion filed before trial.[4] The Court tore large holes in the 1977 statute by writing into its Rules of Appellate Procedure an unauthorized limitation that permitted every plea-bargaining defendant to appeal jurisdictional questions,[5] and by making up out of whole cloth another unauthorized permission for every plea-bargaining defendant to appeal the voluntariness of the plea.[6] Now, less than three months after mending these holes by amendment of Rule of Appellate Procedure 25.2, the Court tears another hole in the rule against appeals.

Is this rip really necessary? In my view, it is not. The procedure that the district court followed in this case gave the appellant several opportunities to give timely notice of appeal.

The appellant was found guilty and sentenced to prison, and the execution of the sentence was suspended in open court.

---

2. *See* Texas Department of Criminal Justice— Community Justice Assistance Division, Statistical Trends in Community Supervision 12 (2003) (in each of the State Fiscal Years 1993 through 2002, the number of offenders newly placed on probation has been in a range from 174,602 to 186,124).

3. *Ante,* at 16 n. 4.

4. *See* Act of June 10, 1977, 65th Leg., R.S., ch. 351, § 1, 1977 Tex. Gen. Laws 940, *repealed in part by* Act of June 14, 1985, 69th

Leg., R.S., ch. 685, §§ 1 & 4, 1985 Tex. Gen Laws 2472 (authorizing the Court of Criminal Appeals to promulgate rules of procedure and conditionally repealing statutes).

5. *See* Tex.R.App. P. 40(b)(1) (1986) (limiting the restriction of appeal to "an appeal for a nonjurisdictional defect or error").

6. *See Flowers v. State,* 935 S.W.2d 131 (Tex. Cr.App.1996), *overruled by Cooper v. State,* 45 S.W.3d 77 (Tex.Cr.App.2001).

He had 30 days in which to file a motion for new trial[7] or a notice of appeal.[8] The district court chose the 28th day of that period for a hearing to decide whether to add a condition of probation requiring him to make restitution to the victim of his crime. He told the court immediately that he might want to appeal if there were such a condition, so it is clear that he was contemplating filing notice of appeal. He had four weeks to get it ready. On day 28, the condition of which the appellant complains was imposed in open court. He did not file a notice of appeal that day, or the 29th day, or the 30th day. Nor did he file on any of those days a motion for new trial, which would have given him 60 more days in which to give notice of appeal.[9]

But the clock still had not run out for him. After the 30th day passed, he had 15 more days in which to file the notice of appeal and a motion for extension of time.[10] He did not. He waited to give notice of appeal until the 51st day after his sentence was suspended.

Bailey does not need a new hole in the law; there were several opportunities in the law of appeal that he passed up. Even now he could get an appeal by seeking the writ of habeas corpus on the ground that he was denied effective assistance of counsel when his lawyer passed up the chances to give timely notice of appeal. Rather than giving every probationer in Texas a "Get Out of Probation Free" card just to give this probationer an appeal in what the Court recognizes is a unique case, I would affirm the court of appeals and give the appellant the opportunity for habeas corpus. I respectfully dissent.

**KEASLER, J., dissenting.**

The Court concludes that Bailey's judgment was not complete until the March 12th hearing and, therefore, that this case is not controlled by *Basaldua v. State.*[1] I disagree.

### Facts

The record includes a judgment which convicts Bailey of failure to stop and render assistance and sentences him to five years in prison, probated for 10 years. The judgment is signed by the judge and dated February 12, 2001. Attached to the judgment is a document entitled "Conditions of Community Supervision," setting out 24 conditions. None of these conditions provide for restitution. This document is also signed by the judge and dated February 12, 2001.

The next document in the record is entitled "Conditions of Community Supervision 1st Amended." Condition 12 requires Bailey to make restitution. This document is signed by the judge and dated March 12, 2001.

The docket sheet indicates that on February 12, 2001, Bailey "pleaded guilty," that the court "found the defendant guilty" and "assessed the punishment," and that imposition "of sentence [was] suspended and [the] Defendant [was] placed on Probation for ... 10 years." The docket sheet reflects the case was "r/s," which presumably means "reset," for "3/12/01, Restitution Hearing." The next entry is partially illegible due to a copying error. What is legible reflects that on some date (presumably March 12, 2001), there was a hearing with testimony and argument, and the court ordered Bailey to pay restitution.

---

7. *See* Tex.R.App. P. 21.4(a).

8. *See id.,* R. 26.2.

9. *See id.,* R. 26.2(a)(2).

10. *See id.,* R. 26.3.

1. 558 S.W.2d 2 (Tex.Crim.App.1977).

It also states that Bailey, through his attorney, gave notice of appeal at that time.

In Bailey's notice of appeal, he sought to appeal "the judgment and sentence in the above cause, in addition to the Court's appealable orders concerning restitution and probationary conditions."

## Analysis

In *Basaldua,* the defendant was placed on probation in July of 1975. In November, the defendant filed a motion to modify the probation conditions which the trial court denied. The defendant appealed that ruling. We held that no appeal was allowed from the trial court's order.[2] We explained that we could find "neither constitutional nor statutory authority which would confer jurisdiction on this court to hear an appeal from an order . . . altering or modifying probationary conditions or an order, as in the instant case, refusing to alter or modify such conditions."[3] We then proceeded to hear the defendant's complaint, at his request, pursuant to our original habeas jurisdiction.[4]

The facts of *Basaldua* are nearly identical to those in this case. The only distinguishing factor is that in this case Bailey appeals the judge's order modifying his probation conditions, while in *Basaldua* the defendant appealed the judge's ruling denying a motion to modify a probation condition. Nevertheless, this distinction is meaningless because both appeals are impermissible for the same reason, as we explained in *Basaldua*—there is no authority for appealing either an order modifying probation conditions or an order refusing to do so.

The majority finds *Basaldua* distinguishable because, according to the majori-

ty, the instant case does not involve a modification of probation. Instead, the majority contends, in this case the judgment was incomplete until the March 12th hearing. It bases this conclusion on its belief that a judgment is incomplete until restitution is ordered. This holding raises significant problems.

First, the majority's authority for this conclusion is weak. It relies on Art. 42.037(e), which states that "[t]he imposition of the [restitution] order may not unduly complicate or prolong the sentencing process." The Court says that this statement "essentially" includes restitution within sentencing and therefore "implies" that "restitution is imposed as part of the original sentence, and that the sentence is not complete until restitution is imposed."[5] That is quite a leap. Nothing in the text of the statute states that a judgment is "incomplete" until restitution is ordered. Instead, the statute seems to acknowledge that as a general rule, restitution will be part of the sentencing process. The statute does not foresee a case in which the restitution order is not entered until a later date.

The Court also relies on Art. 42.01, § 1(25), which says that the judgment "should" reflect the amount of restitution. But saying that the judgment should reflect that amount does not mean that this judgment did so. Regardless of the mandates of Art. 42.01, Bailey's February 12th judgment did not contain restitution. Nothing in Art. 42.01 states that a judgment is incomplete until restitution is ordered.

Finally, the majority relies on *Arguijo v.*

---

**2.** *Id.* at 5.

**3.** *Ibid.*

**4.** *Id.* at 5–7.

**5.** *Ante,* op. at 15.

*State.*[6] Of course, *Arguijo* is distinguishable because in that case, the judge failed to enter any conditions of probation at the time the defendant was placed on probation. The court of appeals held that the judgment was not complete until the later hearing when all the probation conditions were entered.[7] This case is different because here, the trial court did impose conditions of probation—24 of them—at the first hearing. The only thing the judge added at the later hearing was the restitution. This was an amendment of the previously ordered probation conditions.

The judge could have, and possibly even should have, waited until the March 12th hearing to enter the judgment against Bailey, but she did not do so. Instead, she entered a judgment of conviction on February 12th and set forth probation conditions. Later, she entered a "1st Amended" list of probation conditions. The very fact that the judge titled the list "1st Amended" demonstrates the parties' understanding that the judgment was complete on February 12th but was amended on March 12th. If the judgment were incomplete on February 12th, there would have been nothing to "amend" on March 12th. And since the March 12th order "amended" the previous judgment, this case falls directly under the ambit of *Basaldua,* which prevents an appeal from such an order.

Indeed, even Bailey himself recognized this in his notice of appeal. He specifically sought to appeal the judgment "in addition to the court's appealable order[ ] concerning restitution." If the judgment were incomplete until March 12th, there would be no need to appeal both the restitution order and the judgment—an appeal of simply the judgment would have been sufficient.

Finally, under the Court's rationale, anytime a judgment omits one of the requirements of Art. 42.01, it is incomplete. And since Art. 42.01, § 1(10), requires the judgment to set forth the conditions of probation, anytime a judge amends conditions of probation after sentencing, the judgment will be entered anew at that time. So no judgment is ever really complete, because we never know when a trial judge may amend the conditions of probation. This will wreak havoc on the law.

Perhaps most troubling about the Court's opinion is that it is so unnecessary. The Court seems worried that Bailey will have no recourse if we do not allow his appeal, but this is just not true. His remedy is to file an application for a writ of habeas corpus attacking the probation condition.[8] The remedy is most certainly not to create a body of law unsupported by statute or case law, as the majority has done in this case.

I dissent.

---

**6.** 738 S.W.2d 367 (Tex.App.-Corpus Christi 1987, no pet.).

**7.** *Id.* at 369.

**8.** *See Ex parte Alakayi,* 102 S.W.3d 426 (Tex. App.-Houston [14th Dist.] 2003, no pet.); *Ex parte Renfro,* 999 S.W.2d 557 (Tex.App.-Houston [14th Dist.] 1999, pet. ref'd).