Dismissed and Memorandum Opinion filed April 24, 2008








Dismissed
and Memorandum Opinion filed April 24, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00958-CR

____________

 

DEBORAH AYMOND, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
208th District Court

Harris County, Texas

Trial Court Cause No. 919664

 



 

M E M O R A N D U M   O P I N I O N

After a
jury trial, appellant was convicted of theft of between $1500 and $20,000.  On
June 30, 2006, the court sentenced appellant to confinement for two years in
the State Jail Division of the Texas Department of Criminal Justice, probated
for five years.  Appellant filed a motion for new trial on August 4, 2006. 
Appellant=s notice of appeal was filed October 3, 2006.








Because
it appeared from the record filed with this court that appellant=s motion for new trial was filed more
than 30 days after sentencing, the court found that the notice of appeal was
untimely and dismissed the appeal for want of jurisdiction.  See Tex. R. App. P. 21.4 (AThe defendant may file a motion for
new trial before, but no later than 30 days after, the date when the trial
court imposes or suspends sentence in open court.@)  

Appellant
filed a motion for rehearing, asserting that the trial court did not complete
sentencing appellant until it imposed conditions of probation on July 5, 2006,
rendering the motion for new trial timely.  See Bailey v. State, 160 S.W.3d 11, 13 (Tex. Crim. App. 2004).  As support for her motion
for rehearing, appellant provided a copy of the record from the hearing held on
July 5, 2006, at which the court announced it delayed imposing conditions of
probation until after the holiday.  Accordingly, we granted rehearing and
reinstated the case on February 8, 2007.  

Despite
the passage of over one year since the appeal was reinstated, no brief has been
filed.  Pursuant to an order from this court, the trial court conducted a
hearing to determine why appellant had not filed the reporter=s record or his brief.  Records from
that hearing were filed on August 1, 2007 and August 15, 2007.  The reporter=s record was filed August 10, 2007. 
The appeal was reinstated and the due date for appellant=s brief was set at September 17,
2007.  No brief or motion for extension of time were filed.  Counsel and the
trial court were notified on October 2, 2007, that no brief had been received. 
No response from appellant was received.








On
October 18, 2007, we again abated the appeal and directed the trial court to
conduct a hearing to determine why appellant=s retained counsel had not filed a
brief.  Records from that hearing were filed on November 13, 2007, and November
20, 2007.  At the November 12 hearing, appellant=s counsel informed the judge that he
would file an appropriate motion for extension of time with this court.  No
motion was filed.  Accordingly, on November 29, 2007, this court ordered
appellant=s retained counsel to file a brief in this appeal on or before December
31, 2007.  On December 28, 2007, counsel requested a further extension of time
to file the brief.  The court granted an extension until February 28, 2008,
noting that no further extensions would be granted.  Again, no brief was filed.

Therefore,
we ordered  appellant=s retained counsel to file a brief in this appeal on or
before April 7, 2008.  The order stated that no further extensions of time
would be granted and warned that if counsel did not timely file the brief as
ordered, the Court would consider and decide the appeal on the record without
the benefit of appellant=s brief.  See Lott v. State, 874 S.W.2d 687, 688 (Tex.
Crim. App. 1994) (affirming conviction on record alone where appellant failed
to file a pro se brief after being properly admonished); Coleman v. State,
774 S.W.2d 736, 738-39 (Tex. App.BHouston [14th Dist.] 1989, no pet.)
(holding that former rule 74(l)(2) (now Rule 38.8(b)) permitted an
appeal to be considered without briefs Aas justice may require@ when a pro se appellant has not
complied with the rules of appellate procedure).  No response was filed.  

Rule
38.8 provides that we will not dismiss or consider the appeal without briefs
unless it is shown the appellant no longer desires to prosecute his appeal or
that he is not indigent and has failed to make necessary arrangements for
filing a brief.  It is clear that the rule was designed to protect an indigent
appellant from the failure of his appointed counsel to provide a brief.  The rule further
provides that under appropriate circumstances, Athe appellate
court may consider the appeal without briefs, as justice may require.@  Tex. R. App. P. 38.8 (b)(4).

Two hearings have already been held as required under Rule
38.8.  Because the trial court has already held two hearings to make the
findings required under Rule 38.8, and we can find nothing in the rules or case
law which requires this court to once again send this matter back to the trial
court, we decline to do so. 








Appellant has not complied with our order of March 6,
2008.  While we believe that no accused should be denied his right of appeal,
we also believe that Ajustice requires@ that the exercise
of this right of appeal must be held within the framework of the rules of
appellate procedure.  See Coleman, 774 S.W.2d at 738-39.  We also
believe that requiring any appellant to follow the rules does not infringe upon
his rights of appeal.  See id.  We therefore find that justice requires
that this appeal be determined without a brief.

This court has reviewed the entire record brought forth in
this appeal and we find no reversible error.  Accordingly, the judgment of the
trial court is affirmed.

 

PER
CURIAM

 

Judgment rendered and Memorandum Opinion filed April
24, 2008.

Panel consists of Chief Justice Hedges and Justices
Fowler and Boyce. 

Do Not Publish C Tex. R.
App. P. 47.2(b).