In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00233-CR


______________________________




MARK E. STRETCHER, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the Fourth Judicial District Court


Rusk County, Texas


Trial Court No. CR08-136




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



I. School Superintendent and State Enter Negotiated Plea Agreement 

 Mark E. Stretcher was the superintendent of the Overton Independent School District
(District). He was accused of improperly acquiring some District property or money; he agreed to
resign and immediately paid the District $10,000.00 as restitution. But that was not the end of the
problem.

 This impropriety was reported to the officials in Rusk County, and a criminal investigation
began. Before the matter was presented to a grand jury, Stretcher and his attorney agreed with the
State's attorney to enter a negotiated plea agreement. Stretcher appeared in court, waived indictment,
and pled guilty to a charge of theft by a public servant of property valued between $1,500.00 and
$20,000.00. The negotiated plea agreement stated: 

 As a result of negotiations with the State, a plea bargain agreement has been
reached to recommend to the Court that punishment be assessed in this case as
follows:

 Deferred Adjudication Community Supervision for five (5) years

 Restitution  to  be  determined  by  the  Court,  payable  to  the  Overton  ISD,
PO Box 130, Overton, Texas 75684

 Defendant voluntarily surrender his Texas Educator Certificate.

 After entering his plea of guilty June 27, 2008, Stretcher was placed on deferred adjudication
for five years. A judgment was entered reciting that restitution was "to be determined by the court." 
Apparently, it was thought at the time that the restitution order would be approximately $6,000.00. 



II. The Trial Court Establishes Restitution 

 A hearing was held November 20, 2008, for the trial court to establish the amount of
restitution. At that hearing, the State presented evidence that due to Stretcher's wrongdoing, the
District had incurred losses approaching $40,000.00. Approximately $10,000.00 was for an
attorney's fee for assisting the District to hire Stretcher's replacement and another approximately
$10,000.00 was for an accountant's work. After reviewing the evidence, the trial court found that
Stretcher was to pay $36,988.34 in restitution to the District. This was added to the terms of
Stretcher's community supervision; the judgment was never amended. Stretcher complains that the
restitution ordered was contrary to law, not incurred due to his actions, and that this Court should
correct that injustice by overturning that award. Stretcher does not request the judgment be reversed
and remanded for an entire new trial. 

III. Issues

 1. Was the notice of appeal timely filed? 

 2. Did the parties enter a negotiated plea agreement and if so, can Stretcher appeal this
matter? 

 3. If Stretcher can appeal the restitution order, is the order valid? 

IV. Notice of Appeal

 Stretcher filed his notice of appeal after the restitution hearing in November, even though the
plea and judgment were entered in June. The State argues that the notice was not timely, and if the
June judgment begins the time for filing the notice of appeal, the State is correct. But if the notice
of appeal requirement is calculated from the restitution hearing in November, it is timely. So the
question is--when was Stretcher's sentence finally imposed or suspended within the meaning of the
Texas Code of Criminal Procedure. (1)

 The Texas Court of Criminal Appeals has made it very clear that the original order of
restitution is a part of the sentencing process. Bailey v. State, 160 S.W.3d 11 (Tex. Crim. App.
2004). (2) It logically follows that when restitution is to be a part of the punishment, sentencing is not
complete until the court determines the restitution. Id. at 16. In Bailey, the defendant was not
ordered to make restitution until thirty days after the original sentencing order. The Texas Court of
Criminal Appeals held that the day the sentence was "suspended in open court," within the meaning
of Rule 26.2(a)(1), was the day the last condition of community supervision (restitution) was
decided, and a notice of appeal filed within thirty days of that date was timely. Thus, Stretcher's 
notice of appeal was timely filed. 

V. Did the Parties Enter a Plea Bargain? If So, Can Stretcher Appeal? 

 The State argues Stretcher entered a negotiated plea agreement and thereby is precluded from
this appeal. Texas law authorizes an appeal from a plea bargain case only as to matters raised by
written motion and filed and ruled on before trial or after getting permission of the trial court. Tex.
R. App. P. 25.2(2). Stretcher does not meet these requirements and in fact, when he entered his
guilty plea, he acknowledged this limitation on his right of appeal. Further, the trial court here has
certified that a plea bargain was entered and Stretcher has no right of appeal. These facts appear to
establish that Stretcher cannot appeal.

 The only difficulty with this simple analysis is the unusual nature of this plea agreement. 
Generally, when parties enter plea agreements, the terms of the plea are established. If restitution
is contested, the trial court resolves the issue, but it should be done as a part of the sentencing
process. (3) When the court accepts the plea agreement and enters a judgment, all parties should know
what is required. This differs from a modification of the terms and conditions of community
supervision, which the court may enter after the sentence is complete. Bailey, 160 S.W.3d at 15. 
The State argues the trial court can amend the terms and conditions of community supervision; a
proposition with which we agree. But when no restitution has been ordered and the judgment states
it will be determined by the court, the sentencing process is not complete. Establishing the initial
restitution at a later date is not simply an amendment of community supervision terms. 

 Further, the concept of a negotiated plea agreement has been equated to a contract. Ex parte
Williams, 637 S.W.2d 943, 948 (Tex. Crim. App. 1982). Rules of construction applicable to
contracts have been incorporated into the "plea bargain" relationship. To be enforceable, a contract's
material terms must be sufficiently definite for a court to determine the obligations of the parties. 
Fort Worth Indep. Sch. Dist. v. City of Fort Worth, 22 S.W.3d 831, 846 (Tex. 2000). 

 Here, Stretcher does not argue that the negotiated plea agreement has indeterminate terms
or that the agreement fails because the restitution amount was not sufficiently definite; Stretcher only
argues that the restitution amount established by the trial court is unfair. But this is the agreement
that Stretcher entered as to restitution--to allow the trial court to establish the amount. 
Consequently, Stretcher's appeal is restricted by the existence of the negotiated plea agreement
accepted by the trial court. The stated purpose of Stretcher's appeal does not come within the
appellate avenues as set out by the Texas Rules of Appellate Procedure. See Tex. R. App. P. 25.2. 
The fact that Stretcher entered a negotiated plea agreement and specifically agreed that the trial court
could set the amount of restitution distinguishes this case from those where a trial court, without plea
bargain or agreement of the defendant, has set restitution when there was no factual basis for it. 
Cartwright v. State, 605 S.W.2d 287 (Tex. Crim. App. 1980). By entering into this agreement,
Stretcher received the benefit of deferred adjudication community supervision, rather than risking
a judgment of conviction and possibly imprisonment. The Texas Court of Criminal Appeals has held
that when a plea agreement involves sentencing a defendant to a term of confinement that is not
authorized by law, the relief available is an entire retrial. ("When a defendant attacks the sentence
he received, and for which he bargained, he is attacking the entire judgment of conviction. To permit
resentencing in this situation is to bind only one party to the agreement. This is neither logical nor
fair.") Shannon v. State, 708 S.W.2d 850, 852 (Tex. Crim. App. 1986). Stretcher has made it clear
he is not attacking the entire judgment and does not seek a retrial. 

 Stretcher essentially argues that when he agreed to allow the trial court to set the amount of
restitution, he did not anticipate such a large amount. Since the parties entered a negotiated plea
agreement and that agreement specifically allowed the trial court to set the amount of restitution,
which it did after conducting an evidentiary hearing, we find that Stretcher does not meet the narrow
grounds available to appeal a negotiated plea agreement. See Tex. R. App. P. 25.2. Based on this
holding, we need not address the remaining issues. We cannot entertain this appeal; it is dismissed
for want of jurisdiction. 



 Jack Carter

 Justice


Date Submitted: October 21, 2009

Date Decided: November 6, 2009


Do Not Publish 
1. See Tex. R. App. P. 26.2 (requiring the defendant to file a notice of appeal within thirty days
after the day sentence is "imposed or suspended . . . ."). 
2. See Tex. Code Crim. Proc. Ann. art. 42.037(e) (Vernon Supp. 2009) (which refers to
restitution as part of the sentencing process). 
3. "The court shall resolve any dispute relating to the proper amount or type of restitution. The
standard of proof is a preponderance of the evidence. The burden of demonstrating the amount of
the loss sustained by a victim as a result of the offense is on the prosecuting attorney." Tex. Code
Crim. Proc. Ann. art. 42.037(k) (Vernon Supp. 2009).