NO. 07-10-0066-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 27, 2010

_____


ANTHONY LOCKETT,

Appellant

v.

THE STATE OF TEXAS

Appellee

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2009-422947; HON. JIM BOB DARNELL, PRESIDING

_____

*Dismissal*

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Anthony Lockett, appeals his conviction for possession of a controlled substance, a first degree felony. By letter dated May 7, 2010, we informed appellant that it appeared his notice of appeal was untimely and he had until May 17, 2010, to provide us with any information that would be necessary to our determination of jurisdiction. Appellant filed a motion for this court to accept jurisdiction because even

though the notice of appeal and motion for new trial were not filed within thirty days after sentence was pronounced, they were filed timely after the written judgment was signed. This, according to appellant, "vests the Court with jurisdiction to hear issues regarding orders contained in the written judgment but not orally pronounced at trial." Appellant further relies on the case of *Bailey v. State*, 160 S.W.3d 11 (Tex. Crim. App. 2004) to support his argument. In *Bailey*, the Court of Criminal Appeals held that a restitution order entered about a month after sentencing was pronounced was a continuation of the sentencing hearing because appellant's punishment was not complete until the restitution was ordered. This is not the case here. Appellant admits that restitution was not ordered in this case nor has he pointed us to anywhere in the record to indicate punishment has not been completed. Nor does he suggest that anything is actually wrong with the judgment itself or that it encompasses punishment different from that orally pronounced.

Because appellant agrees that his motion for new trial and notice of appeal were not timely filed from the date sentence was pronounced, we find we lack jurisdiction over the matter.[1]

Accordingly, appellant's appeal is dismissed.


Per Curiam

Do not publish.

---

[1]The appropriate vehicle for seeking an out-of-time appeal from a final felony conviction is by writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2009-2010).

2