NO.  07-10-0066-CR

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL B

 

MAY 27, 2010

 

______________________________

 

 

ANTHONY LOCKETT,

 

Appellant

 

v.

 

THE STATE OF TEXAS

 

Appellee

_______________________________

 

FROM THE 140TH DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 
2009-422947; HON. JIM BOB DARNELL, PRESIDING

_______________________________

 

Dismissal

_______________________________

 

Before
QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

            Appellant,
Anthony Lockett, appeals his conviction for possession of a controlled substance,
a first degree felony.   By letter dated
May 7, 2010, we informed appellant that it appeared his notice of appeal was
untimely and he had until May 17, 2010, to provide us with any information that
would be necessary to our determination of jurisdiction.  Appellant filed a motion for this court to
accept jurisdiction because even though the notice of appeal and motion for new
trial were not filed within thirty days after sentence was pronounced, they were
filed timely after the written judgment was signed.  This, according to appellant, “vests the
Court with jurisdiction to hear issues regarding orders contained in the
written judgment but not orally pronounced at trial.”  Appellant further relies on the case of Bailey v. State, 160 S.W.3d 11 (Tex.
Crim. App. 2004) to support his argument. 
In Bailey, the Court of
Criminal Appeals held that a restitution order entered about a month after
sentencing was pronounced was a continuation of the sentencing hearing because
appellant’s punishment was not complete until the restitution was ordered.  This is not the case here.  Appellant admits that restitution was not
ordered in this case nor has he pointed us to anywhere in the record to
indicate punishment has not been completed. 
 Nor does he suggest that anything
is actually wrong with the judgment itself or that it encompasses punishment
different from that orally pronounced.     

            Because
appellant agrees that his motion for new trial and notice of appeal were not
timely filed from the date sentence was pronounced, we find we lack
jurisdiction over the matter.[1]   

Accordingly, appellant’s appeal is
dismissed.

 

                                                                                    Per
Curiam

 

Do not
publish.











[1]The appropriate vehicle for seeking an
out-of-time appeal from a final felony conviction is by writ of habeas corpus
pursuant to article 11.07 of the Texas Code of Criminal Procedure.  See
Tex. Code Crim. Proc.
Ann. art. 11.07 (Vernon
Supp. 2009-2010).