

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00605-CR

Kristine Dawn **MARTIN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 18-0059-CR-B
Honorable Gary L. Steel, Judge Presiding

PER CURIAM

Sitting:      Luz Elena D. Chapa, Justice
              Irene Rios, Justice
              Beth Watkins, Justice

Delivered and Filed: November 30, 2022

DISMISSED FOR LACK OF JURISDICTION

Appellant Kristine Dawn Martin entered into a plea agreement with the State, pursuant to which she pled guilty to the charged offense of misapplication of fiduciary property with a value of $20,000 or more but less than $100,000. On July 7, 2021, in accordance with the plea agreement, the trial court imposed a sentence of ten years' confinement, suspended it, and placed Martin on seven years' community supervision. The trial court also left the amount of restitution to be determined based on the plea agreement. The trial court then signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). On

August 4, 2022, the trial court signed an order amending the terms of Martin's community supervision by ordering restitution in the amount of $80,000. Martin now seeks to appeal the trial court's restitution order by filing a pro se notice of appeal.

A timely notice of appeal is necessary to invoke this court's jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The clerk's record shows Martin's sentencing was not complete until the trial court imposed restitution on August 4, 2022. *Bailey v. State*, 160 S.W.3d 11, 15 (Tex. Crim. App. 2004). Martin did not file a motion for new trial, making her notice of appeal due by September 6, 2022, or a motion for extension of time due fifteen days later on September 21, 2022. *See* TEX. R. APP. P. 26.2(a)(1), 26.3. Martin's notice of appeal is file-stamped September 12, 2022,[1] and there is nothing in the record indicating Martin filed a motion for an extension of time or received an extension in order to timely file her notice of appeal. *See id.* R. 26.3.

The clerk's record also includes the trial court's Rule 25.2(a)(2) certification stating "this criminal case is a plea-bargain case, and the defendant has NO right of appeal." We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.* R. 25.2(d). The record establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by Martin. *See id.* R. 25.2(a)(2). The record also supports the trial court's certification showing Martin does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding court of appeals should review clerk's record to determine whether trial court's certification is accurate).

---

[1] We note the certificate of service on Martin's notice of appeal states the notice of appeal was "filed" in the trial court on September 6, 2022. Yet, nothing in the record indicates Martin mailed the notice of appeal on September 6, 2022, *see* TEX. R. CIV. P. 5, or that she was incarcerated and handed it to prison authorities on September 6, 2022, *see Anderson v. State*, 625 S.W.3d 128, 131 (Tex. Crim. App. 2021).

"When a notice of appeal, but no motion for extension of time, is filed within the fifteen-day period, the court of appeals lacks jurisdiction to dispose of the purported appeal in any manner other than by dismissing it for lack of jurisdiction." *Olivo*, 918 S.W.2d at 523, 525 ("In criminal cases, as opposed to civil cases, jurisdiction cannot be substantially invoked; it either attaches or it does not."). Because it appeared the notice of appeal was untimely filed and Martin did not have the right to appeal, we ordered Martin to file a response establishing the notice of appeal was timely filed and to file an amended certification showing she had the right to appeal. *See* TEX. R. APP. P. 25.2(d); 37.1; *Olivo*, 918 S.W.2d at 522 (holding that timely notice of appeal is necessary to invoke court of appeals' jurisdiction).

Counsel for Martin did not file a response. Martin filed a pro se response explaining she sought to appeal the restitution order. However, Martin is represented by counsel, and she is not entitled to hybrid representation; therefore, nothing for this court's review is presented. *See Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995). Even if we considered Martin's pro se response, Martin does not show how the appeal is timely, did not file a motion for extension pursuant to Texas Rule of Appellate Procedure 26.3, and did not file an amended certification showing she has the right to appeal. *See* TEX. R. APP. P. 25.2(d); 37.1; *Olivo*, 918 S.W.2d at 522.

Accordingly, we dismiss this appeal for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH