

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-22-00871-CR

Sean Michael **FOXX**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2012CR8672A
Honorable Mary Roman, Judge Presiding

PER CURIAM

Sitting:      Luz Elena D. Chapa, Justice
                Irene Rios, Justice
                Beth Watkins, Justice

Delivered and Filed: February 22, 2023

DISMISSED FOR LACK OF JURISDICTION

Appellant Sean Michael Foxx entered into a plea bargain with the State, pursuant to which he pleaded nolo contendere to the charged offense. On January 13, 2014, in accordance with the plea agreement, the trial court imposed a sentence of six years' confinement. The trial court also signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). Foxx now seeks to appeal the trial court's judgment of conviction by filing a pro se notice of appeal from a negotiated plea.

A timely notice of appeal is necessary to invoke this court's jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The clerk's record shows the trial court imposed a sentence in accordance with the plea bargain agreement on January 13, 2014. *Bailey v. State*, 160 S.W.3d 11, 15 (Tex. Crim. App. 2004). Foxx did not file a motion for new trial, making his notice of appeal due by February 12, 2014, or a motion for extension of time due fifteen days later on February 27, 2014. *See* TEX. R. APP. P. 26.2(a)(1), 26.3. Foxx's notice of appeal is file-stamped December 9, 2022, and there is nothing in the record indicating Foxx filed a motion for an extension of time or received an extension in order to timely file his notice of appeal. *See id.* R. 26.3.

The clerk's record also includes the trial court's Rule 25.2(a)(2) certification stating "this criminal case is a plea-bargain case, and the defendant has NO right of appeal." We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.* R. 25.2(d). The record establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by Foxx. *See id.* R. 25.2(a)(2). The record also supports the trial court's certification showing Foxx does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding court of appeals should review clerk's record to determine whether trial court's certification is accurate).

"When a notice of appeal, but no motion for extension of time, is filed within the fifteen-day period, the court of appeals lacks jurisdiction to dispose of the purported appeal in any manner other than by dismissing it for lack of jurisdiction." *Olivo*, 918 S.W.2d at 523, 525 ("In criminal cases, as opposed to civil cases, jurisdiction cannot be substantially invoked; it either attaches or it does not.").

Because it appeared the notice of appeal was untimely filed and Foxx did not have the right to appeal, we ordered Foxx to file a response establishing the notice of appeal was timely filed and

to file an amended certification showing he had the right to appeal. *See* TEX. R. APP. P. 25.2(d); 37.1; *Olivo*, 918 S.W.2d at 522 (holding that timely notice of appeal is necessary to invoke court of appeals' jurisdiction). We admonished Foxx that a failure to satisfactorily respond to this court's order within the time provided would result in the dismissal of the appeal. Foxx did not file a response.

Accordingly, we dismiss this appeal for lack of jurisdiction.

PER CURIAM

Do Not Publish