

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-25-00239-CR

JACOB CASTRO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 69th District Court
Hartley County, Texas
Trial Court No. 1255H, Honorable Kimberly Allen, Presiding

September 17, 2025

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Jacob Castro, appeals from the trial court's judgment revoking his community supervision for the offense of possession of a controlled substance[1] and sentencing him to two years of confinement. We dismiss the appeal for want of jurisdiction.

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.116(d).

The timely filing of a written notice of appeal is a jurisdictional prerequisite to hearing an appeal. *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012). If a notice of appeal is not timely filed, an appellate court has no option but to dismiss the appeal for want of jurisdiction. *Id.* Here, the judgment reflects that Appellant was sentenced on May 27, 2025. Because Appellant did not file a motion for new trial, his notice of appeal was due within thirty days thereafter, by June 26, 2025. *See* TEX. R. APP. P. 26.2(a)(1) (requiring a notice of appeal to be filed within 30 days after sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order). Appellant filed a notice of appeal on July 24, 2025.

We, thus, directed Appellant to show how the Court has jurisdiction over the untimely appeal. In response, Appellant claims that his sentencing was not complete on May 27, 2025, because the trial court included restitution in the written judgment that was not pronounced at sentencing. Relying on *Bailey v. State*, 160 S.W.3d 11 (Tex. Crim. App. 2004), Appellant argues that his appellate timetable therefore "did not start until the judgment was entered of record . . . on July 11, 2025." Based on the limited record presently before the Court, it is unknown whether the trial court ordered Appellant to pay restitution at sentencing.

Nevertheless, Appellant's reliance on *Bailey* is misplaced as the "unique set of facts of the case" are absent here. *See O'Conner v. State*, 266 S.W.3d 575, 577–88 (Tex. App.—Amarillo 2008) (distinguishing *Bailey*). Following the defendant's conviction in *Bailey*, the trial court probated his sentence and held a separate, subsequent hearing to determine a restitution amount. *Bailey*, 160 S.W.3d at 12. The Court of Criminal

Appeals held that sentencing was not complete until restitution was pronounced at the subsequent hearing, and that the appellate deadline ran from that date. *Id* at 14, 16.

This Court has held that *Bailey* does not apply when the trial court alters the sentence in the written judgment and not at a later hearing. *O'Conner,* 266 S.W.3d at 577–78. In *O'Conner,* the trial court added several conditions of probation into a written judgment that were not pronounced at sentencing. *Id* at 577. Citing *Bailey*, the defendant argued that his appellate deadline therefore ran from the signing of the judgment rather than the date of sentencing. *Id.* We rejected O'Conner's arguments and distinguished his case from *Bailey* as there was no separate hearing or subsequent "pronouncement" modifying O'Conner's sentence. *Id.* at 577. Instead, we concluded that, in the ordinary appellate context, the deadline to file a notice of appeal runs from the date sentence is pronounced in open court, not from the later inclusion of additional conditions in the written judgment. *Id.* at 577–88.

We apply the same reasoning here. Nothing before the Court shows that the trial court held a subsequent hearing and orally ordered restitution after sentencing Appellant on May 27, 2025. Indeed, the judgment was signed that day. Accordingly, the appellate timetable began on May 27, 2025, even assuming, arguendo, restitution was later added to the written judgment without an oral pronouncement. *See O'Conner,* 266 S.W.3d at 577–88. Moreover, even if the inclusion of restitution in the written judgment could be deemed the completion of sentencing under *Bailey*, Appellant would gain no additional time because the judgment was signed on May 27, 2025.

3

For these reasons, we conclude that Appellant's notice of appeal was filed untimely and dismiss the appeal for want of jurisdiction.[2]

Per Curiam

Do not publish.

---

[2] Appellant may be entitled to relief by filing an application for writ of habeas corpus returnable to the Court of Criminal Appeals for consideration of an out-of-time appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07.