# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00268-CR

**Paulita Ibarra Sauceda, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 426TH JUDICIAL DISTRICT
### NO. 59029, HONORABLE FANCY H. JEZEK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Paulita Ibarra Sauceda pleaded guilty to the aggravated sexual assault of a child. *See* Tex. Penal Code Ann. § 22.021(a)(1)(B)(iii), (2)(B) (West Supp. 2007). The trial court adjudged her guilty and assessed a punishment of eight years in prison. In her only point of error, appellant complains that the judgment of conviction includes a restitution order that was not orally announced at the time of sentencing. We will modify the judgment to delete this order and affirm the judgment as modified.

Appellant pleaded guilty on February 15, 2007. The court accepted her plea and reset the cause for sentencing. The sentencing hearing was held on April 2. The State offered no evidence or argument, but it did refer the court to a presentence report. Appellant's counsel, citing appellant's age, family status, and employment, urged the court to defer adjudication and place her on community supervision. The court thereupon adjudged appellant guilty and stated that "it's the

judgment and sentence of this court that you serve eight years" in prison.  With that, appellant was remanded to custody.

The trial court did not order appellant to pay restitution when it announced her punishment and imposed sentence.  In the written judgment of conviction signed two days later, however, the court ordered appellant to pay, after she is released from prison, $463 in restitution to the "Office of Attorney General, Crime Victim's Compensation, Law Enforcement Reimbursement for Sexual Assault Exams" at a mailing address in Austin.  Appellant urges that the written judgment must be modified to conform to the sentence pronounced in open court, which did not contain the restitution order.

A trial court's pronouncement of sentence is oral, while the judgment, including the sentence assessed, is merely the written declaration and embodiment of that oral pronouncement. *Banks v. State*, 708 S.W.2d 460, 461-62 (Tex. Crim. App. 1986).  When the oral pronouncement of sentence and the written judgment vary, the oral pronouncement controls.  *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1989).  The rationale for this rule is that the imposition of sentence is the crucial moment when all the parties are physically present and able to hear and respond to the sentence.  *Ex parte Madding*, 70 S.W.3d 131, 136 (Tex. Crim. App. 2002).  In addition, the defendant begins serving the sentence imposed when she leaves the courtroom.  *Id*.  It violates due process to orally pronounce a sentence and then later, without notice or hearing, enter a written judgment imposing a harsher sentence.  *Id*. at 136-37.

Is a restitution order part of the sentence and thus subject to the rule discussed in the preceding paragraph?  We hold that it is.

The code of criminal procedure authorizes the sentencing court to order the defendant to make restitution, but "imposition of the order may not unduly complicate or prolong the sentencing process." Tex. Code Crim. Proc. Ann. art. 42.037(e) (West Supp. 2007). The court of criminal appeals has stated that article 42.037(e) "implies that restitution is imposed as part of the original sentence, and that the sentence is not complete until restitution is imposed." *Bailey v. State*, 160 S.W.3d 11, 15 (Tex. Crim. App. 2004).

The issue in *Bailey* was whether the notice of appeal had been timely filed. After Bailey pleaded guilty, the trial court adjudged him guilty, assessed punishment, suspended imposition of sentence, and ordered him placed on probation. *Id*. at 12. The court then reset the case to determine the amount of restitution. *Id*. One month later, following a hearing, the court ordered Bailey to pay a specified amount of restitution as a condition of probation. *Id*. Bailey filed his notice of appeal three weeks later, more than thirty days after the trial court had suspended imposition of sentence and placed him on probation but less than thirty days after the restitution order. *Id*.; *see* Tex. R. App. P. 26.2(a)(1). The court of criminal appeals held that the notice of appeal was timely because sentencing had not been complete until the amount of restitution had been set. *Bailey*, 160 S.W.3d at 16; *see also id*. at 18 (restitution is "an order that is pronounced orally in open court as a part of the sentencing process") (Cochran, J., concurring).

We find further support for our conclusion that a restitution order is part of the sentence in the court of criminal appeals's recent statement that "restitution is punishment." *Ex parte Cavazos*, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006). Because the sentence is that part of the judgment that orders that the punishment be carried into execution, it follows that restitution, as punishment, is part of the sentence. *See* Tex. Code Crim. Proc. Ann. art. 42.02 (West 2006).

3

The State points out that in *Bailey*, the amount of restitution had not been determined when the trial court announced its intention to place the defendant on probation, and the parties had agreed to reset the case for a restitution determination at a later date. *See Bailey*, 160 S.W.3d at 12, 16. In the case now before us, the amount and basis for the restitution order was contained in the presentence report offered at the sentencing hearing. The State also points out that appellant's counsel told the court during the sentencing hearing that "[appellant] wishes to make any restitution for any harm regarding medical or injuries or damage to this juvenile or this young man incurred." These facts, however, argue in favor of our holding that the trial court was required to order restitution at the time sentence was imposed. All of the necessary information was before the court when it imposed sentence; there was no need to delay the restitution order nor any agreement among the parties to do so.

We hold that having failed to order restitution when it imposed sentence, the trial court was not authorized to add a restitution order to its written judgment. Accordingly, we modify the judgment of conviction to delete the restitution order. As modified, the judgment is affirmed.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Waldrop and Henson

Modified and, as Modified, Affirmed

Filed: December 12, 2007

Do Not Publish

4