COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-063-CR

 

 

FREDDIE GENE BROWN                                                        APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 297TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant Freddie Gene Brown appeals his
conviction for aggravated sexual assault of a child under age fourteen.  In a single issue, Brown argues that because
the trial court did not pronounce a restitution order and a reparation order
when it orally pronounced his sentence, the trial court=s
judgment should be reformed to delete the requirements that he pay $1,645.00 in
restitution and $4,017.50 in reparations.[2]  We will modify the judgment to delete the
restitution order and affirm the judgment as modified.

In June 2002, Brown pleaded guilty to the offense
of aggravated sexual assault of a child under age fourteen, and the trial court
sentenced him to ten years=
deferred adjudication community supervision. 
The State filed its third amended petition to proceed to adjudication in
January 2008, alleging that Brown had violated several terms and conditions of
his community supervision.  Brown pleaded
not true to the State=s allegations.  After a hearing, the trial court found that
Brown had violated the terms and conditions of his community supervision as set
out in the State=s petition, found him guilty of
aggravated sexual assault of a child under age fourteen, and sentenced him to
twenty-five years= confinement.  When the trial court orally pronounced Brown=s
sentence, it did not order him to pay any amounts of money as restitution or
reparations.  The judgment requires Brown
to pay ARestitution@ in the
amount of $1,645.00 and AReparations@ in the
amount of $4,017.50.








Brown=s
court-appointed appellate counsel filed a brief containing a single AIssue
Presented@ (that the restitution and
reparation orders should be deleted).[3]  The brief also states that A[i]n all
other respects, this brief is submitted for the purpose of compliance with the
requirements of Anders v. California,@ and counsel
filed a motion to withdraw.  We treated
the brief as a traditional brief on the merits. 
We deny counsel=s motion to withdraw.

Brown argues that the restitution and reparation
orders in the written judgment are part of his sentence and, therefore, must
have been included in the trial court=s oral
pronouncement of sentence.  Aggravated
sexual assault of a child under age fourteen is a first-degree felony.  Tex. Penal Code Ann. ' 22.021(e)
(Vernon Supp. 2008).  An individual
adjudged guilty of a first-degree felony shall be punished by imprisonment in
the institutional division for life or for any term of not more than
ninety-nine years or less than five years and, in addition to imprisonment, may
be punished by a fine not to exceed $10,000. 
Id. ' 12.32 (Vernon 2003).[4]








A trial court=s
pronouncement of sentence is oral, while the judgment, including the sentence
assessed, is merely the written declaration and embodiment of that oral
pronouncement.  Tex. Code Crim. Proc.
Ann. art. 42.01, ' 1 (Vernon 2006); see
Taylor v. State, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004) (stating that a
defendant=s sentence must be pronounced
orally in his presence); Ex parte Madding, 70 S.W.3d 131, 135 (Tex.
Crim. App. 2002).  When the oral
pronouncement of sentence and the written judgment vary, the oral pronouncement
controls.  Taylor, 131 S.W.3d at
500; Madding, 70 S.W.3d at 135 (A[I]t is
the pronouncement of sentence that is the appealable event, and the written
sentence or order simply memorializes it and should comport therewith.@
(quoting Coffey v. State, 979 S.W.2d 326, 328 (Tex. Crim. App.
1998))).  The rationale for this rule is
that Athe
imposition of sentence is the crucial moment when all of the parties are
physically present at the sentencing hearing and able to hear and respond to
the imposition of sentence.  Once he
leaves the courtroom, the defendant begins serving the sentence imposed.@  Madding, 70 S.W.3d at 135.  It is a violation of due process to orally
pronounce a sentence and then later, without notice or hearing, enter a written
judgment imposing a harsher sentence.  Id.
at 136B37.













Regarding restitution, article 42.037(e) of the
code of criminal procedure states in part that A[t]he
imposition of the order [of restitution] may not unduly complicate or prolong
the sentencing process.@ 
Tex. Code Crim. Proc. Ann. art. 42.037(e) (Vernon Supp. 2008).  In Bailey v. State, the court of
criminal appeals stated of this part of article 42.037(e), AThis
statement, essentially including restitution in the >sentencing
process,= implies
that restitution is imposed as part of the original sentence, and that the
sentence is not complete until restitution is imposed.@  160 S.W.3d 11, 15 (Tex. Crim. App. 2004).[5]  In Ex parte Cavazos, the court of
criminal appeals stated that it has held that Arestitution
is punishment.@ 
203 S.W.3d 333, 338 (Tex. Crim. App. 2006).  In Weir v. State, the court of
criminal appeals considered whether costs must be included in the oral
pronouncement of sentence and noted that Athe
Legislature and this Court have treated court costs differently from
restitution, which is also punitive.@  278 S.W.3d 364, 366 (Tex. Crim. App.
2009).  In Sauceda v. State, the
Third Court of Appeals considered whether a restitution order is part of the
sentence and reasoned in part that A[b]ecause
the sentence is that part of the judgment that orders that the punishment be
carried into execution, it follows that restitution, as punishment, is part of
the sentence.@ 
No. 03-07-00268-CR, 2007 WL 4354455, at *2 (Tex. App.CAustin
Dec. 12, 2007, no pet.) (mem. op., not designated for publication); see also
Tex. Code Crim. Proc. Ann. art. 42.02 (Vernon 2006) (stating that A[t]he
sentence is that part of the judgment, or order revoking a suspension of the
imposition of a sentence, that orders that the punishment be carried into
execution in the manner prescribed by law@).  In light of the foregoing, we hold that the
$1,645.00 the trial court ordered Brown to pay as restitution is punishment and
part of his sentence and, therefore, must have been included in the trial court=s oral
pronouncement of sentence to be properly included in the written judgment.  We sustain this part of Brown=s issue.








Regarding reparations, included in the clerk=s record
is a ARevocation
Restitution/Reparation Balance Sheet B Art.
42.03 SEC. 2, b C.C.P.@ 
Under the heading, AAdministrative
Financial Obligations,@ the document indicates that
Brown owes $404.75 for AAttorney Fees,@ $97.75
for ALab,@
$2,430.00 for AProbation Fees,@ $540.00
for APsychological
Fees,@ and
$545.00 for ASpec Fee for Sex Offenders,@ for a
total of $4,017.50 in AReparations Owed.@  These AReparations
Owed@ are
fees owed by Brown as part of his community supervision.  Each of the fees is authorized by statute,[6]
and article 42.03, section 2(b) states that A[i]n all
revocations of a suspension of the imposition of a sentence the judge shall
enter the restitution or reparation due and owing on the date of the
revocation,@ which is what happened in this
case.  Tex. Code Crim. Proc. Ann. art.
42.03, ' 2(b)
(Vernon Supp. 2008).  We hold that the
reparations, or fees, owed by Brown are not punishment and part of his sentence
and, therefore, did not have to be included in the trial court=s oral
pronouncement of sentence to be properly included in the written judgment.  See Revia v. State, No.
09-07-00068-CR, 2007 WL 2446099, at *1B2 (Tex.
App.CBeaumont
Aug. 29, 2007, no pet.) (mem. op., not designated for publication) (holding
that costs and fees did not have to be orally pronounced because they were not
part of the punishment).  We overrule the
remainder of Brown=s issue.

We modify the part of the judgment adjudicating
Brown=s guilt
to delete the requirement that Brown pay restitution in the amount of
$1,645.00.  As modified, we affirm the
trial court=s judgment.  See Tex. R. App. P. 43.2(b).

 

PER CURIAM

PANEL:  MEIER, LIVINGSTON, and
DAUPHINOT, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  July 2, 2009











[1]See Tex. R. App. P. 47.4.





[2]The State agrees that the
judgment should be modified to delete the requirement that Brown pay
restitution.





[3]Brown prays for the same
relief.





[4]Section 22.021 provides
that the minimum term of imprisonment is twenty-five years if the victim is
younger than six years of age at the time the offense is committed.  Tex. Penal Code Ann. ' 22.021(f).  The complainant here was three years old at
the time of the offense.





[5]In a concurring opinion,
Judge Cochran referred to a restitution order as Aan order that is
pronounced orally in open court as a part of the sentencing process.@  Bailey, 160 S.W.3d at 18 (Cochran, J.,
concurring) (emphasis added).





[6]The code of criminal
procedure includes as conditions of community supervision reimbursement to the
county for compensation paid to an appointed defense counsel and reimbursement
for the analysis, storage, or disposal of raw materials, controlled substances,
or other materials seized in connection with the offense.  Tex. Code Crim. Proc. Ann. art. 42.12, ' 11(a)(11),
(19).  The code of criminal procedure
allows for a judge granting community supervision to fix a fee of not less than
$25 and not more than $60 per month to be paid by the defendant during the
period of community supervision.  Id.
art. 42.12, ' 19(a).  And under circumstances similar to this case,
the code of criminal procedure allows a trial court to require as a condition
of community supervision that the defendant attend psychological counseling
sessions for sex offenders with an individual or organization that provides sex
offender treatment or counseling.  Id.
art. 42.12, ' 13B(a)(2).