

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 2-08-063-CR

FREDDIE GENE BROWN                                APPELLANT

V.

THE STATE OF TEXAS                                     STATE

------------

### FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Freddie Gene Brown appeals his conviction for aggravated sexual assault of a child under age fourteen. In a single issue, Brown argues that because the trial court did not pronounce a restitution order and a reparation order when it orally pronounced his sentence, the trial court's judgment should be reformed to delete the requirements that he pay $1,645.00

---

[1] *See* Tex. R. App. P. 47.4.

in restitution and $4,017.50 in reparations.[2]  We will modify the judgment to delete the restitution order and affirm the judgment as modified.

In June 2002, Brown pleaded guilty to the offense of aggravated sexual assault of a child under age fourteen, and the trial court sentenced him to ten years' deferred adjudication community supervision.  The State filed its third amended petition to proceed to adjudication in January 2008, alleging that Brown had violated several terms and conditions of his community supervision.  Brown pleaded not true to the State's allegations.  After a hearing, the trial court found that Brown had violated the terms and conditions of his community supervision as set out in the State's petition, found him guilty of aggravated sexual assault of a child under age fourteen, and sentenced him to twenty-five years' confinement.  When the trial court orally pronounced Brown's sentence, it did not order him to pay any amounts of money as restitution or reparations.  The judgment requires Brown to pay "Restitution" in the amount of $1,645.00 and "Reparations" in the amount of $4,017.50.

Brown's court-appointed appellate counsel filed a brief containing a single "Issue Presented" (that the restitution and reparation orders should be deleted).[3]

---

[2] The State agrees that the judgment should be modified to delete the requirement that Brown pay restitution.

[3] Brown prays for the same relief.

The brief also states that "[i]n all other respects, this brief is submitted for the purpose of compliance with the requirements of *Anders v. California*," and counsel filed a motion to withdraw. We treated the brief as a traditional brief on the merits. We deny counsel's motion to withdraw.

Brown argues that the restitution and reparation orders in the written judgment are part of his sentence and, therefore, must have been included in the trial court's oral pronouncement of sentence. Aggravated sexual assault of a child under age fourteen is a first-degree felony. Tex. Penal Code Ann. § 22.021(e) (Vernon Supp. 2008). An individual adjudged guilty of a first-degree felony shall be punished by imprisonment in the institutional division for life or for any term of not more than ninety-nine years or less than five years and, in addition to imprisonment, may be punished by a fine not to exceed $10,000. *Id*. § 12.32 (Vernon 2003).[4]

A trial court's pronouncement of sentence is oral, while the judgment, including the sentence assessed, is merely the written declaration and embodiment of that oral pronouncement. Tex. Code Crim. Proc. Ann. art. 42.01, § 1 (Vernon 2006); *see Taylor v. State*, 131 S.W.3d 497, 500 (Tex.

---

[4] Section 22.021 provides that the minimum term of imprisonment is twenty-five years if the victim is younger than six years of age at the time the offense is committed. Tex. Penal Code Ann. § 22.021(f). The complainant here was three years old at the time of the offense.

Crim. App. 2004) (stating that a defendant's sentence must be pronounced orally in his presence); *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). When the oral pronouncement of sentence and the written judgment vary, the oral pronouncement controls. *Taylor*, 131 S.W.3d at 500; *Madding*, 70 S.W.3d at 135 ("[I]t is the pronouncement of sentence that is the appealable event, and the written sentence or order simply memorializes it and should comport therewith." (quoting *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998))). The rationale for this rule is that "the imposition of sentence is the crucial moment when all of the parties are physically present at the sentencing hearing and able to hear and respond to the imposition of sentence. Once he leaves the courtroom, the defendant begins serving the sentence imposed." *Madding*, 70 S.W.3d at 135. It is a violation of due process to orally pronounce a sentence and then later, without notice or hearing, enter a written judgment imposing a harsher sentence. *Id*. at 136–37.

Regarding restitution, article 42.037(e) of the code of criminal procedure states in part that "[t]he imposition of the order [of restitution] may not unduly complicate or prolong the sentencing process." Tex. Code Crim. Proc. Ann. art. 42.037(e) (Vernon Supp. 2008). In *Bailey v. State*, the court of criminal appeals stated of this part of article 42.037(e), "This statement, essentially including restitution in the 'sentencing process,' implies that restitution is

4

imposed as part of the original sentence, and that the sentence is not complete until restitution is imposed."  160 S.W.3d 11, 15 (Tex. Crim. App. 2004).[5]  In *Ex parte Cavazos*, the court of criminal appeals stated that it has held that "restitution is punishment."  203 S.W.3d 333, 338 (Tex. Crim. App. 2006).  In *Weir v. State*, the court of criminal appeals considered whether costs must be included in the oral pronouncement of sentence and noted that "the Legislature and this Court have treated court costs differently from restitution, which is also punitive."  278 S.W.3d 364, 366 (Tex. Crim. App. 2009).  In *Sauceda v. State*, the Third Court of Appeals considered whether a restitution order is part of the sentence and reasoned in part that "[b]ecause the sentence is that part of the judgment that orders that the punishment be carried into execution, it follows that restitution, as punishment, is part of the sentence."  No. 03-07-00268-CR, 2007 WL 4354455, at *2 (Tex. App.—Austin Dec. 12, 2007, no pet.) (mem. op., not designated for publication); *see also* Tex. Code Crim. Proc. Ann. art. 42.02 (Vernon 2006) (stating that "[t]he sentence is that part of the judgment, or order revoking a suspension of the imposition of a sentence, that orders that the punishment be carried into execution in the

---

[5] In a concurring opinion, Judge Cochran referred to a restitution order as "an order that is pronounced orally in open court *as a part of the sentencing process*."  *Bailey*, 160 S.W.3d at 18 (Cochran, J., concurring) (emphasis added).

manner prescribed by law"). In light of the foregoing, we hold that the $1,645.00 the trial court ordered Brown to pay as restitution is punishment and part of his sentence and, therefore, must have been included in the trial court's oral pronouncement of sentence to be properly included in the written judgment. We sustain this part of Brown's issue.

Regarding reparations, included in the clerk's record is a "Revocation Restitution/Reparation Balance Sheet – Art. 42.03 SEC. 2, b C.C.P." Under the heading, "Administrative Financial Obligations," the document indicates that Brown owes $404.75 for "Attorney Fees," $97.75 for "Lab," $2,430.00 for "Probation Fees," $540.00 for "Psychological Fees," and $545.00 for "Spec Fee for Sex Offenders," for a total of $4,017.50 in "Reparations Owed." These "Reparations Owed" are fees owed by Brown as part of his community supervision. Each of the fees is authorized by statute,[6] and article 42.03,

---

[6] The code of criminal procedure includes as conditions of community supervision reimbursement to the county for compensation paid to an appointed defense counsel and reimbursement for the analysis, storage, or disposal of raw materials, controlled substances, or other materials seized in connection with the offense. Tex. Code Crim. Proc. Ann. art. 42.12, § 11(a)(11), (19). The code of criminal procedure allows for a judge granting community supervision to fix a fee of not less than $25 and not more than $60 per month to be paid by the defendant during the period of community supervision. *Id*. art. 42.12, § 19(a). And under circumstances similar to this case, the code of criminal procedure allows a trial court to require as a condition of community supervision that the defendant attend psychological counseling sessions for sex offenders with an individual or organization that provides sex offender treatment or counseling. *Id.* art. 42.12, § 13B(a)(2).

6

section 2(b) states that "[i]n all revocations of a suspension of the imposition of a sentence the judge shall enter the restitution or reparation due and owing on the date of the revocation," which is what happened in this case. Tex. Code Crim. Proc. Ann. art. 42.03, § 2(b) (Vernon Supp. 2008). We hold that the reparations, or fees, owed by Brown are not punishment and part of his sentence and, therefore, did not have to be included in the trial court's oral pronouncement of sentence to be properly included in the written judgment. *See Revia v. State*, No. 09-07-00068-CR, 2007 WL 2446099, at *1–2 (Tex. App.—Beaumont Aug. 29, 2007, no pet.) (mem. op., not designated for publication) (holding that costs and fees did not have to be orally pronounced because they were not part of the punishment). We overrule the remainder of Brown's issue.

We modify the part of the judgment adjudicating Brown's guilt to delete the requirement that Brown pay restitution in the amount of $1,645.00. As modified, we affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(b).

PER CURIAM

PANEL: MEIER, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 2, 2009

7