NO. 07-08-0293-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 15, 2008

_____

ROSS M. O'CONNER, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY COURT AT LAW NO. 1 OF LUBBOCK COUNTY;

NO. 2006-440,290; HON. LARRY B. LADD, PRESIDING

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**OPINION**

Appellant, Ross M. O'Conner, appeals his conviction for the offense of driving while intoxicated and sentence of 120 days confinement in the county jail and fine of $1,000 suspended for one year. We will dismiss the appeal for want of jurisdiction.

On June 17, 2006, appellant was arrested for the offense of driving while intoxicated and charged by information for the offense. Prior to trial, on November 1, 2007, and January 16, 2008, the trial court held hearings on appellant's motion to suppress

appellant's statements made to the police officer prior to any Miranda warnings.  On February 21st, the trial court filed a letter denying appellant's motion to suppress.  On April 14th, appellant entered an open plea of guilty before the trial court, who delayed sentencing and ordered a presentencing report.  On May 29th, after receiving the presentencing report, the trial court proceeded to find appellant guilty and sentenced him to 120 days in county jail and $1,000 fine.  The trial court then suspended the sentence as well as $250 of the fine for one year.  At the sentencing hearing, the trial court also briefly mentioned some conditions of probation but concluded the hearing by stating that the actual written judgment would be prepared later, requested that the State prepare the judgment, and asked the State to make a copy available to defense counsel "so that he can make any objections if he sees fit."  The judgment was signed on June 5th, and appellant filed his notice of appeal on July 3rd.  On August 12, this court notified appellant that the notice of appeal appeared untimely having been filed more than 30 days from May 29th.  Appellant filed a brief on the issue of the court's jurisdiction on August 22nd contending that the time for filing notice of appeal began on June 5th with the trial court's signing of the judgment.

A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction. Olivo v. State, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996).  In the absence of a timely filed notice of appeal that complies with the requirements of the Texas Rules of Appellate Procedure, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal.  Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998).

2

Appellant contends that, although the trial court announced sentencing in open court on May 29th, the sentencing was not completed until the execution of the judgment on June 5th. Appellant notes that the written judgment contains several conditions of probation not announced at the May 29th hearing and contends that appellant's sentence was not "suspended in open court" until the day the last condition of probation was decided and formalized in the written judgment on June 5th. Appellant cites Bailey v. State, 160 S.W.3d 11 (Tex.Crim.App. 2004), for his contention that the time to file an appeal did not begin until June 5th when all conditions of probations were "pronounced" in the judgment because the court specifically requested that the State make a copy available to appellant in order to allow him an opportunity to object. Appellant contends that, by allowing him an opportunity to object, the trial court evidenced that it had not completed sentencing until the terms of probation were incorporated into the judgment. We disagree.

In Bailey, the appellant pled guilty and was sentenced by the trial court who then proceeded to suspend the sentence. However, the trial court set another hearing date for one month later "to consider the State's request for restitution as a further condition of probation." Bailey, 160 S.W.3d at 12 (emphasis added). After the restitution hearing, the trial court ordered that the conditions of the appellant's probation be amended to include restitution payments and signed a restitution order to that effect. Bailey filed a notice of appeal stating that "[t]he Defendant desires to appeal the JUDGMENT and SENTENCE in the above cause, in addition to the Court's appealable ORDERS concerning restitution and probationary conditions." Id. The Court of Criminal Appeals acknowledged that Bailey could not have appealed a decision granting restitution until the restitution order was

3

entered and, because of the unique facts of the case, determined that sentence was not imposed within the meaning of Texas Rule of Appellate Procedure 26.2(a)(1) until the day the last condition of probation was decided. Id. at 16. However, the starting point for calculating the timeliness of the notice of appeal is context dependent. Rodarte v. State, 860 S.W.2d 108, 109 (Tex.Crim.App. 1993). In the "ordinary" appellate context, where the defendant appeals a judgment of conviction, the thirty days begin to run on the day sentence is imposed or suspended in open court. Id. When some other action of the trial court is appealed, the appellate timetable begins with the signing of the particular order. Id. In Bailey, the Court of Criminal Appeals made such a distinction and remanded the cause only for a hearing on the merits of Bailey's challenge to the restitution order, even though Bailey also desired to appeal the judgment and sentence. Bailey, 160 S.W.3d at 16.

In this case, appellant challenges his conviction and sentence and raises on appeal concerns regarding the admission of extra-judicial statements.[1] Therefore, we conclude that the present case is from an "ordinary" appellate context and, thus, appellant's time to file an appeal to challenge his conviction began to run on the day sentence was suspended in open court on May 29. See Rodarte, 860 S.W. 2d at 109. Therefore, appellant was required to give notice of appeal within 30 days after the date sentence was imposed in open court, or June 30. See TEX. R. APP. P. 26.2(a). Appellant's failure to timely file a

---

[1]In appellant's notice of appeal, appellant specifies that he "appeal[s] his conviction . . . limited to the matters raised in the pretrial motion which was filed in this [Trial] Court."

notice of appeal prevents this court from exercising jurisdiction over his appeal.  Slaton, 981

S.W.2d at 210.  Consequently, the appeal is dismissed for want of jurisdiction.[2]


                                        Mackey K. Hancock
                                        Justice


Publish.

---

[2]In the alternative, appellant requests that we accept his notice of appeal as a presumptive request for an extension under Rule 26.3.  However, appellant's notice cannot be read as a request for extension because it fails to comply with Rule 10.5(b) and fails to give a reasonable explanation for the untimely filing.  See TEX. R. APP. P. 26.3(b).  Both a notice of appeal and a motion for extension must be filed within 15 days of when the notice of appeal was due or else the notice fails to invoke the appellate court's jurisdiction.  Olivo, 918 S.W.2d at 522.