Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio


★ ★ ★    ★ ★ ★

## MEMORANDUM OPINION

No. 04-10-00095-CR

Wesley H. **LEIFESTE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Mason County, Texas
Trial Court No. 84548
Honorable Stephen B. Ables, Judge Presiding

PER CURIAM

Sitting:     Catherine Stone, Chief Justice
             Steven C. Hilbig, Justice
             Marialyn Barnard, Justice

Delivered and Filed: April 14, 2010

DISMISSED FOR LACK OF JURISDICTION

A jury found Wesley H. Leifeste guilty of driving while intoxicated. On October 28, 2009, in open court, the trial court sentenced Leifeste to 180 days in jail and a $1,000 fine, then suspended the jail term and placed Leifeste on community supervision for twelve months. Leifeste received the terms and conditions of his community supervision the same day.

Leifeste filed a timely motion for new trial. The deadline for filing a notice of appeal was therefore January 26, 2010, "90 days after the day sentence [was] . . . suspended in open court."

TEX. R. APP. P. 26.2(a)(2). A notice of appeal was not filed until February 1, 2010. Leifeste did not file a motion for extension of time to file the notice of appeal. *See* TEX. R. APP. P. 26.3.

Because the notice of appeal in this case appeared to be untimely, we ordered Leifeste to show cause why the appeal should not be dismissed for want of jurisdiction. Leifeste filed a response in which he contends the notice of appeal was timely filed because the appellate timeline did not begin to run until either November 2, 2009 (the date the judgment was signed) or November 5, 2009 (the date the judgment was filed of record). We disagree. The starting point for calculating the timeliness of the notice of appeal in a defendant's direct appeal from a judgment of conviction is "the day the sentence is imposed or suspended in open court," not the day the judgment was signed or filed. *See* TEX. R. APP. P. 26.2(a); *Rodarte v. State*, 860 S.W.2d 108, 109-10 (Tex. Crim. App. 1993); *O'Conner v. State*, 266 S.W.3d 575 (Tex. App.—Amarillo 2008, pet. ref'd).

This court does not have jurisdiction to consider an appeal that was not timely filed. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Accordingly, we dismiss this appeal for want of jurisdiction.

PER CURIAM

Do not publish