NO. 07-09-00266-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 6, 2010

---

TAYLOR K. DURANT, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

---

FROM THE COUNTY COURT AT LAW NO. 1 OF LUBBOCK COUNTY;

NO. 2008-452,073; HONORABLE LARRY B. "RUSTY" LADD, JUDGE

---

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Taylor K. Durant, appeals his conviction for misdemeanor driving while intoxicated.[1]  We will dismiss his appeal for want of jurisdiction.

Factual and Procedural History

In July 2008, appellant was arrested for driving while intoxicated.  The guilt-innocence phase of his trial was held on March 31, 2009, with the jury finding appellant guilty.  The punishment phase of trial began on April 1, 2009, at the end of which the

---

[1] See TEX. PENAL CODE ANN. § 49.04 (Vernon 2003).

jury assessed punishment. On that same day, the trial court pronounced sentence in accordance with the jury's recommendations:

> Sir, you came before this Court and a jury and entered a plea of not guilty to the offenses as set out in the information. The evidence was submitted. The jury was charged by the Court, and[,] after deliberating[,] the jury has returned a verdict finding you guilty of the offense of driving while intoxicated and assessing your punishment at [ten] days in the county jail and a $1,000 fine. They recommend you be placed on community supervision with the serving of the jail time as a condition of the probation and the fine to be suspended.
>
> It is the judgment of this Court that you are guilty of this cause and guilty as charged in the information in accordance with the verdict rendered by the jury, that you be punished in accordance with the jury's verdict.
>
> Is there any legal reason why sentence should not be pronounced against you? Counsel?
>
>     *   *   *
>
> Finding nothing to bar the pronouncement of sentence against you, I sentence you to serve the sentence in accordance with the jury. I am going to order that you report to court in about a week or so, and we will get the exact date in just a second, so that a judgment can be prepared for your fingerprint, signatures, that will carry the conditions of probation on them.

The trial court went on to discuss generally appellant's right to appeal and the trial court's authority to impose conditions of probation. Appellant filed a motion for new trial on April 30, 2009. He filed his notice of appeal on July 29, 2009.

On November 17, 2009, the Clerk of this Court sent to appellant a letter alerting him to the possible defect in our jurisdiction over this matter and inviting a response to the possible defect. Appellant did not file a response.

2

Analysis

A timely notice of appeal is necessary to invoke a court of appeals's jurisdiction. Olivo v. State, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996). In the absence of a timely-filed notice of appeal that complies with the requirements of the Texas Rules of Appellate Procedure, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal. Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998); O'Conner v. State, 266 S.W.3d 575, 577 (Tex.App.—Amarillo 2008, pet. ref'd).

Generally, in a direct appeal from a judgment of conviction, we begin our calculation of the time in which an appellant may file a notice of appeal from "the day sentence is imposed or suspended in open court," not the day the written judgment was signed or filed. See TEX. R. APP. P. 26.2(a)(2); Rodarte v. State, 860 S.W.2d 108, 109–10 (Tex.Crim.App. 1993); O'Conner, 266 S.W.3d at 577–78. Here, the trial court imposed sentence in open court on April 1, 2009.[2]

Because he timely filed a motion for new trial, appellant had ninety days after the day sentence was imposed in open court to file his notice of appeal. See TEX. R. APP. P. 21.4, 26.2(a)(2). Appellant, therefore, had until June 30, 2009, to file his notice of

---

[2] Though neither party has addressed the issue of jurisdiction in briefing to this Court, we note that appellant does not raise any issue concerning the imposition of conditions of probation, a task which appears to have been completed several days after oral pronouncement of sentence. See Bailey v. State, 160 S.W.3d 11 (Tex.Crim.App. 2004). This appeal arises from an "ordinary" appellate context; appellant challenges his conviction and sentence and raises one issue regarding the propriety of the trial court's denial of his motion for mistrial made in response to the State's improper jury argument. See O'Conner, 266 S.W.3d at 578.

3

appeal.  He filed his notice of appeal on July 29, 2009, well past both the deadline for filing his notice of appeal and the time in which he could have sought an extension of time in which to file a notice of appeal.  See TEX. R. APP. P. 26.3.  Hence, this appeal is untimely, and we are without jurisdiction to hear it.

Conclusion

Having concluded that appellant's notice of appeal was not timely filed and was, therefore, ineffective to invoke our jurisdiction over this appeal, we dismiss his appeal for want of jurisdiction.  We, accordingly, deny as moot appellant's motion seeking leave to supplement the reporter's record.

Mackey K. Hancock
Justice

Do not publish.