NO. 07-09-00266-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



AUGUST
6, 2010

 



 

TAYLOR K. DURANT, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE COUNTY COURT AT LAW NO. 1
OF LUBBOCK COUNTY;

 

NO. 2008-452,073; HONORABLE LARRY B. "RUSTY" LADD, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appellant, Taylor K. Durant, appeals
his conviction for misdemeanor driving while intoxicated.[1]  We will dismiss his appeal for want of
jurisdiction.

Factual and Procedural History

            In
July 2008, appellant was arrested for driving while intoxicated.  The guilt-innocence phase of his trial was
held on March 31, 2009, with the jury finding appellant guilty.  The punishment phase of trial began on April
1, 2009, at the end of which the jury assessed punishment.  On that same day, the trial court pronounced
sentence in accordance with the jury’s recommendations:

            Sir, you came before
this Court and a jury and entered a plea of not guilty to the offenses as set
out in the information.  The evidence was
submitted.  The jury was charged by the
Court, and[,] after deliberating[,] the jury has
returned a verdict finding you guilty of the offense of driving while
intoxicated and assessing your punishment at [ten] days in the county jail and
a $1,000 fine.  They recommend you be
placed on community supervision with the serving of the jail time as a
condition of the probation and the fine to be suspended.

            It is the judgment of
this Court that you are guilty of this cause and guilty as charged in the
information in accordance with the verdict rendered by the jury, that you be
punished in accordance with the jury’s verdict.

            Is there any legal
reason why sentence should not be pronounced against you?  Counsel?

*   *   *

            Finding
nothing to bar the pronouncement of sentence against you, I sentence you to
serve the sentence in accordance with the jury. 
I am going to order that you report to court in about a week or so, and
we will get the exact date in just a second, so that a judgment can be prepared
for your fingerprint, signatures, that will carry the conditions of probation
on them.

The trial court went on to discuss
generally appellant’s right to appeal and the trial court’s authority to impose
conditions of probation.  Appellant filed
a motion for new trial on April 30, 2009. 
He filed his notice of appeal on July 29, 2009.

            On
November 17, 2009, the Clerk of this Court sent to appellant a letter alerting
him to the possible defect in our jurisdiction over this matter and inviting a
response to the possible defect. 
Appellant did not file a response.

 

Analysis

            A
timely notice of appeal is necessary to invoke a court of appeals’s
jurisdiction.  Olivo v. State, 918
S.W.2d 519, 522 (Tex.Crim.App. 1996).  In the absence of a timely-filed notice of
appeal that complies with the requirements of the Texas Rules of Appellate
Procedure, a court of appeals does not obtain jurisdiction to address the
merits of the appeal in a criminal case and can take no action other than to
dismiss the appeal.  Slaton
v. State, 981 S.W.2d 208, 210 (Tex.Crim.App.
1998); O'Conner v. State, 266 S.W.3d 575, 577 (Tex.App.—Amarillo
2008, pet. ref’d).

            Generally,
in a direct appeal from a judgment of conviction, we begin our calculation of
the time in which an appellant may file a notice of appeal from “the day
sentence is imposed or suspended in open court,” not the day the written
judgment was signed or filed.  See
Tex. R. App. P. 26.2(a)(2); Rodarte v. State,
860 S.W.2d 108, 109–10 (Tex.Crim.App. 1993); O'Conner,
266 S.W.3d at 577–78.  Here, the trial
court imposed sentence in open court on April 1, 2009.[2]  

            Because
he timely filed a motion for new trial, appellant had ninety days after the day
sentence was imposed in open court to file his notice of appeal.  See Tex.
R. App. P. 21.4, 26.2(a)(2).  Appellant, therefore, had until June 30,
2009, to file his notice of appeal.  He
filed his notice of appeal on July 29, 2009, well past both the deadline for
filing his notice of appeal and the time in which he could have sought an
extension of time in which to file a notice of appeal.  See Tex.
R. App. P. 26.3.  Hence, this
appeal is untimely, and we are without jurisdiction to hear it.

Conclusion

            Having
concluded that appellant’s notice of appeal was not timely filed and was,
therefore, ineffective to invoke our jurisdiction over this appeal, we dismiss
his appeal for want of jurisdiction.  We,
accordingly, deny as moot appellant’s motion seeking leave to supplement the
reporter’s record.

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 

Do not publish.   











[1]
See
Tex. Penal Code Ann. § 49.04 (Vernon 2003).





[2]
Though neither party has addressed the issue of
jurisdiction in briefing to this Court, we note that appellant does not raise
any issue concerning the imposition of conditions of probation, a task which
appears to have been completed several days after oral pronouncement of
sentence.  See Bailey v. State,
160 S.W.3d 11 (Tex.Crim.App.
2004).  This appeal arises from an
“ordinary” appellate context; appellant challenges his conviction and sentence
and raises one issue regarding the propriety of the trial court’s denial of his
motion for mistrial made in response to the State’s improper jury
argument.  See O'Conner, 266 S.W.3d at 578.