

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**

**FORT WORTH**

**NO. 02-14-00434-CR**
**NO. 02-14-00435-CR**
**NO. 02-14-00436-CR**
**NO. 02-14-00437-CR**


JORDAN ROBINSON                                                       APPELLANT

V.

THE STATE OF TEXAS                                                           STATE

----------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NOS. 1352363D, 1352439D, 1376531D, 1352443D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Jordan Robinson made open pleas of guilty to robbery causing bodily injury in cause numbers 1352363D and 1376531D and to aggravated robbery with a deadly weapon in cause numbers 1352439D and 1352443D, and the trial court imposed his sentences in open court on September 10, 2014. The

---

[1]*See* Tex. R. App. P. 47.4.

trial court signed the judgments on September 15, 2014, and appellant filed his notices of appeal on October 13, 2014.

On November 14, 2014, we notified appellant of our concern that we might not have jurisdiction over his appeals because his notices of appeal were due on October 10, 2014.  *See* Tex. R. App. P. 26.2(a)(1) (requiring appellant to file a notice of appeal within thirty days after the day sentence is imposed or suspended in open court or after the day the trial court enters an appealable order); *O'Conner v. State*, 266 S.W.3d 575, 577–78 (Tex. App.—Amarillo 2008, pet. ref'd) (distinguishing between an "ordinary" appeal of a judgment of conviction, when the thirty-day period begins to run on the day sentence is imposed or suspended in open court, and an appeal of some other trial court action, when the appellate timetable begins with the signing of the particular order).

We asked appellant to advise the court whether he had properly addressed, stamped, and mailed the notices of appeal to the proper trial court clerk on or before the due date and listed items we would accept as evidence of proof of mailing.  We gave appellant until November 24, 2014, to file his response and warned that we would dismiss the appeals for want of jurisdiction if we determined that they were not timely perfected.  *See* Tex. R. App. P. 43.2(f); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) ("A timely notice of appeal is necessary to invoke a court of appeal[s's] jurisdiction.").  Appellant has not responded to our letter.

Because the record reflects that appellant's sentences were imposed in open court on September 10, 2014, appellant's October 13, 2014 notices of appeal were untimely, and this court lacks jurisdiction over the appeals. *See* Tex. R. App. P. 26.2(a)(1); *O'Conner*, 266 S.W.3d at 577. Therefore, we dismiss the appeals for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

/s/ Bonnie Sudderth
BONNIE SUDDERTH
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: January 29, 2015