

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00051-CR

STEPHANIE RENEE SMITH, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law
Bowie County, Texas
Trial Court No. 22M2076-CCL

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

Stephanie Renee Smith pled guilty to driving while intoxicated (DWI), second offense, and the trial court adjudicated her guilty, sentenced her to 365 days' confinement in county jail, suspended that sentence, and placed Smith on eighteen months' community supervision. The trial court also imposed a $2,000.00 general fine and a $4,500.00 "DWI Traffic Fine," *see* TEX. TRANSP. CODE ANN. § 709.001. The trial court certified this to be a plea-bargain case but stated that it had given Smith permission to appeal. The judgment of conviction in this matter indicates that the trial court imposed sentence on January 29, 2024; however, the lower court did not sign its judgment of conviction until February 14, 2024. Smith did not file a motion for new trial and filed her notice of appeal on March 14, 2024.

The Texas Court of Criminal Appeals has expressly held that, without a timely filed notice of appeal, we cannot exercise jurisdiction over an appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *see Slaton v. State*, 981 S.W.2d 208, 209 n.3 (Tex. Crim. App. 1998) (per curiam). When an appellant appeals from a judgment of conviction, the deadline for filing her notice of appeal runs from the date sentence is imposed in open court, not the date the judgment was signed. *Rodarte v. State*, 860 S.W.2d 108 (Tex. Crim. App. 1993); *O'Conner v. State*, 266 S.W.3d 575, 577–78 (Tex. App.—Amarillo 2008, pet. ref'd). Thus, Smith's notice of appeal in this matter was due thirty days after January 29, 2024, or on or before February 28, 2024. Since Smith did not file her notice of appeal until March 14, 2024, it was untimely.

On March 25, 2024, we notified appellant that her notice of appeal appeared to be untimely, having been filed more than thirty days after the date sentence was imposed. In

response, appellant stated that notice of appeal was timely because it was filed within thirty days after the trial court signed its judgment of conviction. That position is contrary to *Rodarte*.

Because Smith has not timely perfected her appeal, we dismiss the appeal for want of jurisdiction.

Jeff Rambin
Justice

Date Submitted:    April 3, 2024
Date Decided:      April 4, 2024

Do Not Publish