

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00050-CR

PETER MICHAEL LAREY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law
Bowie County, Texas
Trial Court No. 23M0742-CCL

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

## MEMORANDUM OPINION

Pursuant to a plea-bargain agreement, Peter Michael Larey pled guilty to driving while intoxicated (DWI), and the trial court sentenced him to 146 days' confinement in county jail. The trial court also assessed (1) a $100.00 "Emergency Medical Service Fine," (2) a $100.00 "Texas Non-Suspension Fine," and (3) a $6,000.00 "DWI Traffic Fine," *see* TEX. TRANSP. CODE ANN. § 709.001. The trial court certified this to be a plea-bargain case but stated that it had given Larey permission to appeal. The judgment of conviction in this matter indicates that the trial court imposed sentence on February 9, 2024; however, the lower court did not sign its judgment of conviction until February 14, 2024. Larey did not file a motion for new trial and filed his notice of appeal on March 14, 2024.

The Texas Court of Criminal Appeals has expressly held that, without a timely filed notice of appeal, we cannot exercise jurisdiction over an appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *see Slaton v. State*, 981 S.W.2d 208, 209 n.3 (Tex. Crim. App. 1998) (per curiam). When an appellant appeals from a judgment of conviction, the deadline for filing his notice of appeal runs from the date sentence is imposed in open court, not the date the judgment was signed. *Rodarte v. State*, 860 S.W.2d 108 (Tex. Crim. App. 1993); *O'Conner v. State*, 266 S.W.3d 575, 577–78 (Tex. App.—Amarillo 2008, pet. ref'd). Thus, Larey's notice of appeal in this matter was due thirty days after February 9, 2024, or on or before March 11, 2024. Since Larey did not file his notice of appeal until March 14, 2024, it was untimely.

On April 9, 2024, we notified appellant that his notice of appeal appeared to be untimely, having been filed more than thirty days after the date sentence was imposed, and we afforded

him an opportunity to demonstrate a valid basis for retaining his appeal on the docket. Larey did not respond to our April 9 correspondence.

Because Larey has not timely perfected his appeal, we dismiss the appeal for want of jurisdiction.

Jeff Rambin
Justice

Date Submitted: April 25, 2024
Date Decided:  April 26, 2024

Do Not Publish