In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-15-00247-CR
_____

IN RE JAMES WILLIAMS

Original Proceeding

MEMORANDUM OPINION

In his petition asking that we issue a writ of mandamus, James Williams requests that we issue a writ compelling the judge of the Criminal District Court of Jefferson County, Texas to rule on a motion that he filed in that court, requesting that court to exercise its discretion to consider and grant his request for shock probation. *See* Tex. Code Crim. Proc. Ann. art. 42.12 § 6 (West Supp. 2014).[1] Because the trial court no longer had jurisdiction over Williams's case when he filed his motion, we deny his writ of mandamus.

---

[1]Because any amendments to article 42.12 do not impact our decision in this proceeding, we cite to the current version of the Texas Code of Criminal Procedure.

1

Williams filed his motion for shock probation after we resolved the appeal in his criminal case. *See Williams v. State*, No. 09-13-00489-CR, 2014 Tex. App. LEXIS 11597 (Tex. App.—Beaumont Oct. 22, 2014, no pet.) (mem. op.). In that appeal, we modified the final judgment by deleting the trial court's restitution award because an award of restitution was not orally pronounced as part of the judgment at sentencing, but we affirmed Williams's aggravated robbery conviction. According to the clerk's record in that case,[2] Williams's sentence was imposed and executed on October 4, 2013.[3] The record Williams filed with his petition in this case shows that he filed his request for shock probation on April 9, 2015.

We note our jurisdiction over mandamus proceedings involving complaints of a trial court's failure or refusal to hear motions. *See State ex rel. Hill v. Court of Appeals for the Fifth Dist.*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001) (orig. proceeding); *In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding). Although we have jurisdiction over Williams's petition, the trial court, given Williams's delay in filing his motion after the trial court acted to

---

[2]We may take judicial notice of matters contained within other appellate cases. *See* Tex. R. Evid. 201.

[3]A defendant's sentence is executed when the defendant is actually incarcerated. *See Bailey v. State*, 160 S.W.3d 11, 14 n.2 (Tex. Crim. App. 2004).

execute his sentence, did not have jurisdiction to act on his motion. Section 6 of article 42.12 of the Texas Code of Criminal Procedure extends a trial court's jurisdiction for 180 days after a judgment is executed to allow a trial court to act on a motion seeking shock probation. *See* Tex. Code Crim. Proc. Ann. art. 42.12 § 6(a); *Bailey*, 160 S.W.3d 11, 14 & n.3 (Tex. Crim. App. 2004) ("[A] trial court loses jurisdiction over the case 180 days after sentencing under Article 42.12 § 6(a)[.]"). In Williams's case, the trial court lost jurisdiction over any requests for shock probation in April 2014, which is approximately a year before he filed his motion.

Because Williams filed his motion over a year after the trial court lost jurisdiction over his request for shock probation, the trial court lacked jurisdiction to consider his motion. *See id.* Accordingly, the trial court was under no ministerial duty to act on the motion that Williams filed. *See State ex rel. Hill*, 34 S.W.3d at 927. We deny Williams's petition for writ of mandamus.

PETITION DENIED.

PER CURIAM

Submitted on July 14, 2015
Opinion Delivered July 15, 2015
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.

3