

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-18-00118-CR

---

CHABRITTNEE CHAVON STANTON, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 217th District Court
Angelina County, Texas
Trial Court No. 2017-0034

---

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

On October 3, 2017, the trial court in Angelina County[1] had entered a judgment convicting Chabrittnee Chavon Stanton of diverting a controlled substance,[2] sentencing her to ten years' imprisonment, suspending that sentence, and ordering Stanton to serve five years' community supervision and to make restitution in the amount of $45,110.94. Almost nine months later, on May 28, 2018, the trial court entered an order increasing the restitution amount to $145,053.66. Stanton appeals from the May 28 order.[3]

---

[1]Originally appealed to the Twelfth Court of Appeals in Tyler, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2]The charge arose from Stanton's theft of numerous hydrocodone tablets from her employer. On July 21, 2017, Stanton entered an open plea of guilty, and the trial court accepted that plea.

[3]In its entirety the May 28 order stated:

**ORDER ON RESTITUTION**

On this date the court finds that the following restitution amount ordered in the original judgment of conviction dated OCTOBER 3, 2017, be adjusted to reflect the following restitution to be paid as a result to [sic] the defendant's criminal act:
> $21,693.06—LEGAL FEES
> $23,360.60—STOLEN INVENTORY
> $100,000.00—ADMINISTRATIVE SANCTIONS

Therefore, it is

ORDERED that the defendant's restitution amount is as follows:

TOTAL          $145,053.66 to be paid to [Stanton's former employer].

SIGNED on the 28 day of MAY, 2018.

/S/ JUDGE PRESIDING

Stanton complains that the May 28 order was improper because it assessed an improper restitution amount without due process and that it was not based on a preponderance of the evidence. The State argues that Stanton's appeal should be dismissed because (1) the May 28 order is an order modifying the terms of Stanton's community supervision, thus supporting no appeal, and (2) Stanton waived her right to appeal. In the alternative, the State argues that the amount of the restitution ordered in the May 28 order was proper. We do not reach the merits of this appeal, because we find that the trial court lacked jurisdiction to enter the May 28 order. Therefore, because the May 28 order was void, we vacate the May 28 order and remand this case to the trial court.

Initially, we must determine the nature of the May 28 order. Stanton characterizes the May 28 order as her final sentence, the completion of her final judgment of conviction, and the trial court's final finding of restitution. However, that characterization ignores some vital facts.

First, at the October 3, 2017, hearing, testimony unambiguously supported restitution in the amount of $44,996.34. At the end of the hearing, the trial court pronounced its sentence, which included "restitution as determined." Although the trial court did not specifically state the restitution amount, its use of the past tense suggested that it had determined the restitution in an amount consistent with the testimony given at the hearing. There was no indication at that time that the trial court was in any way holding the sentencing in abeyance to take additional evidence to determine the restitution amount. Rather, on the same date, October 3, 2017, the trial court memorialized the sentence in its the final judgment of conviction, which included restitution in the

amount of $45,110.94[4] as part of Stanton's punishment and sentence. *See* TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1(25) (West Supp. 2018) (providing that, if restitution is ordered, the written judgment of conviction must contain "a statement of the amount of restitution ordered"); *Ex parte Cavazos*, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006) (noting that restitution is punishment); *Bailey v. State*, 160 S.W.3d 11, 15 (Tex. Crim. App. 2004)[5] (noting that restitution is part of the sentencing process). Finally, in its order imposing conditions of community supervision, the trial court again stated that it had determined the restitution to be $45,110.94. Thus, Stanton had been finally sentenced, and her restitution had been determined and pronounced, on October 3, 2017.

In contrast, the State characterizes the May 28 order as an order modifying the terms of Stanton's community supervision. As such, the State moves to dismiss the appeal since an order modifying the terms of a community supervision order is not appealable.[6] *Davis v. State*, 195

---

[4]Although there is a discrepancy between the amount of the restitution imposed in open court and the amount of restitution memorialized in the final judgment of conviction of October 3, 2017, neither that judgment, nor that discrepancy, has been appealed. Therefore, we have no jurisdiction to amend that written judgment to comport with the sentence pronounced by the trial court.

[5]Stanton argues that this case is similar to *Bailey*, in which the Texas Court of Criminal Appeals held that the defendant had a right to appeal a final judgment of conviction after a restitution order was entered. *Bailey*, 160 S.W.3d at 15–16. However, in *Bailey*, after imposing a probated sentence at the sentencing hearing, the trial court reset the case for a hearing to consider the State's request for restitution. The restitution hearing was heard, and restitution ordered, one month later. *Id.* at 12. The court held that, under the Texas Code of Criminal Procedure, restitution is part of the sentencing process, that "restitution is imposed as part of the original sentence, and that the sentence is not complete until restitution is imposed." *Id.* at 15 (citing TEX. CODE CRIM. PROC. ANN. art. 42.037(e) (West 2018)). The court then noted that, under the unique facts of that case, the defendant did not know the amount of restitution, or whether it would be imposed, until the restitution order was entered. *Id.* Further, the trial court and all parties in that case regarded the judgment as incomplete until the restitution order was entered. *Id.* at 15–16. In this case, however, the trial court imposed restitution as part of the sentence at the October 3, 2017, sentencing hearing and memorialized it in its judgment of conviction. Therefore, there was a complete and final judgment of conviction on October 3, 2017. Further, the trial court recognized that it had ordered a restitution amount in its original judgment, both at the hearing on restitution and in the May 28 order, and the State acknowledges in its brief that the October 3, 2017, judgment included restitution. The October 3, 2017, judgment was complete.

[6]The State also contends that Stanton waived her right to appeal and did not secure the trial court's permission to appeal. *See Monreal v. State*, 99 S.W.3d 615, 617 (Tex. Crim. App. 2003) (affirming that "a valid waiver of appeal

4

S.W.3d 708, 711 (Tex. Crim. App. 2006). However, the May 28 order never mentions the terms of Stanton's community supervision. Rather, the order specifically refers to the trial court's October 3, 2017, judgment of conviction and purports to "adjust," or amend, the restitution amount in the judgment of conviction by increasing the amount of the restitution to $145,053.66. Thus, under its plain terms, the May 28 Order purports to amend the judgment of conviction, not the terms and conditions of the community supervision order.[7]

As noted above, restitution is punishment and an aspect of the sentence that must be imposed on the defendant, and it must be included in the written judgment of conviction. TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1(25); *Cavazos*, 203 S.W.3d at 338; *Bailey*, 160 S.W.3d at 17 (Cochran, J., concurring). All of these requirements were met at the October 3, 2017, hearing and in the judgment of conviction entered that same date. If a post-judgment motion is not filed, the trial court's plenary power to modify or amend its sentence expires thirty days after the sentence is imposed. *See* TEX. R. APP. P. 21.4; *State v. Aguilera*, 165 S.W.3d 695, 697–98 (Tex. Crim. App. 2005); *Kay v. State*, No. 06-15-00169-CR; 2015 WL 8322043, at *1 n.1 (Tex. App.—

---

prevents a defendant from appealing without the trial court's consent"). However, after the State filed its brief, the record in this case was supplemented with the trial court's certification of defendant's right to appeal in which the trial court gave Stanton permission to appeal the restitution order.

[7]Once restitution is imposed, if the defendant is placed on community supervision, the trial court must order the payment of the restitution as a condition of community supervision and provide for installment payments as part of the terms of its community supervision order. TEX. CODE CRIM. PROC. ANN. art. 42.037(g), (h) (West 2018). During the period of community supervision, the trial court may modify the terms and conditions of its community supervision order regarding how restitution is to be repaid. TEX. CODE CRIM. PROC. ANN. art. 42A.051(b) (West 2018); *Bailey*, 160 S.W.3d at 18 (Cochran, J., concurring). However, Article 42A.051(b) of the Texas Code of Criminal Procedure does not authorize the trial court to modify the *amount* of restitution, which is set at the sentencing hearing. *Bailey*, 160 S.W.3d at 17–18 (Cochran, J., concurring).

Texarkana Dec. 9, 2015, no pet.) (mem. op., not designated for publication).[8]

An order entered after the trial court's plenary power has expired is void. *See State v. Bates*, 889 S.W.2d 306, 310 (Tex. Crim. App. 1994). Thus, the May 28 order that purports to modify the amount of the restitution, entered months after the trial court lost its plenary power to modify its sentence, is void.[9] Therefore, we vacate the May 28 Order. *See* TEX. R. APP. P. 43.2.

For the reasons stated, we vacate the trial court's May 28, 2018, order of restitution and remand this case to the trial court.

Josh R. Morriss III
Chief Justice

Date Submitted:        November 9, 2018
Date Decided:          January __, 2019

Do Not Publish

---

[8]"Although unpublished opinions have no precedential value, we may take guidance from them 'as an aid in developing reasoning that may be employed.'" *Rhymes v. State*, 536 S.W.3d 85, 99 n.9 (Tex. App.—Texarkana 2017, pet. ref'd) (quoting *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd)).

[9]A determination that the order appealed from is void impacts our jurisdiction. Though Stanton does not claim that the May 28 Order is void, we may sua sponte address the issue of whether we have jurisdiction over an appeal. *State v. Roberts*, 940 S.W.2d 655, 657 (Tex. Crim. App. 1996), *overruled on other grounds, State v. Medrano*, 67 S.W.3d 892, 901–03 (Tex. Crim. App. 2002)).