

IN THE
TENTH COURT OF APPEALS

_____

No. 10-19-00375-CR

MICHAEL ALLISON,

Appellant

 v.

THE STATE OF TEXAS,

Appellee

_____

From the 77th District Court
Freestone County, Texas
Trial Court No. 18-113-CR

DISSENTING OPINION

While I generally agree with the Court's opinion on what it addresses, I must disagree with one critical aspect of the procedure we have employed to get to this point. Rather than issue the opinion at this juncture, I would remand the proceeding to the trial court for the appointment of new counsel, to address an arguable issue regarding the imposition of restitution in the judgment.

There is general agreement on a number of issues. Restitution is punishment. Punishment must be pronounced as part of the sentencing process. Pronouncement of

the sentence must be done with the defendant present.  *See Bailey v. State*, 160 S.W.3d 11, 15 (Tex. Crim. App. 2004); *Sauceda v. State*, No. 03-07-00268-CR, 2007 Tex. App. LEXIS 9722, at *3 (Tex. App.—Austin Dec. 12, 2007) (not designated for publication).  *See also Burt v. State*, 445 S.W.3d 752 (Tex. Crim. App. 2014).  The issue in this proceeding is whether the record supports the conclusion that restitution as ordered in the judgment was pronounced as part of the sentence in the defendant's presence.

In this proceeding, there was a sentencing hearing held *in absentia*.  There is no question that, at that hearing, the trial court included restitution "as a condition of parole" as part of the sentence that was pronounced.  The problem with what happened at that hearing is that the defendant was not present.  Thereafter, the defendant was brought before the court and a second sentencing hearing was held.  The trial court reviewed what had been done at the earlier hearing, including that he had ordered restitution "as a condition of parole," allowed the defendant to allocute, and then pronounced the sentence in the defendant's presence.[1]  In this pronouncement, the trial court did not order restitution.[2]  This case is in some ways similar to *Pickle*.  *Pickle v. State*, No. 07-15-00021-CR, 2015 Tex. App. LEXIS 6149 (Tex. App.—Amarillo June 17, 2015, no pet.) (not designated for publication).  However, there are clearly some characteristics that

---

[1] The written judgment, however, does not reflect that restitution was imposed as "a condition of parole." Thus, even if the trial court's review of the first pronouncement is used to shore up the omission from the second pronouncement, the pronounced sentence is still different from the written judgment.  This is an arguable issue for *Anders* purposes.

[2] The relevant portion of the second sentencing hearing is set out in full in the appendix to this dissenting opinion so the reader can assess what sentence was pronounced as distinguished from the trial court's review of what he had pronounced at the first sentencing hearing.

distinguish it from *Pickle*. *Id*.

This type of arguable issue is referred to in *Cummins* as "reversible error" which is distinguished from "nonreversible error." There being an issue which is arguably reversible error makes this case inappropriate for the filing of an *Anders* or *Allison* brief. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *Cummins v. State*, 646 S.W.3d 605, 2022 Tex. App. LEXIS 3232, at *13 (Tex. App.—Waco 2022, pet. ref'd); *Allison v. State*, 609 S.W.3d 624, 628 (Tex. App.—Waco 2020, order). Accordingly, we are required to remand this proceeding to the trial court for the appointment of new counsel to brief this arguable reversible issue. *See Anders*, 386 U.S. at 744; *In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008); *Cummins*, 646 S.W.3d 605, 2022 Tex. App. LEXIS 3232, at *13-14. Because the Court affirms the trial court's judgment rather than remanding this proceeding to the trial court for the appointment of new counsel, I respectfully dissent.[3]



TOM GRAY
Chief Justice

Dissenting opinion delivered and filed October 5, 2022

---

[3] This seemingly inefficient procedure could be avoided if something akin to the constitutionally permissible *Wende* procedure was available for this very situation when able counsel has merely overlooked an arguable issue and it is clear that the defendant has received far more than minimally effective assistance of counsel through the *Allison* brief filed by the existing appointed appellate counsel. *See Smith v. Robbins*, 528 U.S. 259, 265, 120 S. Ct. 746, 753, 145 L. Ed. 2d 756, 767 (2000); *People v. Wende*, 25 Cal. 3d 436, 600 P.2d 1071, 158 Cal. Rptr. 839 (1979); *Ferguson v. State*, 435 S.W.3d 291, 298 n.1 (Tex. App.—Waco 2014, pet. dism'd) (Gray, C.J., concurring), overruled in part by *Cummins v. State*, 636 S.W.3d 605, 2022 Tex. App. LEXIS 3232, at *6 n.4 (Tex. App.—Waco 2022, pet. ref'd); *Guerrero v. State*, 64 S.W.3d 436, 444 (Tex. App.—Waco 2001, no pet.) (Gray, J., dissenting).

THE COURT:   This is Cause No. 18113-CR, the State of Texas versus Michael Allison.

Is the State ready to proceed on imposing the sentence?

MR. EVANS:  Yes, sir.

THE COURT:  Is the Defense ready?

MR. DAHLENBURG:  Yes, sir.

THE COURT:  All right.  Let the record reflect that in Cause No. 18113-CR, the State of Texas versus Michael Allison, on July 22nd, 2019, the defendant entered his plea of "guilty" to the eight counts of tampering with oil and gas well sites, each of which is a third degree felony; and the defendant also pled "true" to the enhancement paragraph found in the indictment.  The Court deferred making a decision on punishment at that time and ordered a Presentence Investigation.

We came back here on September 23rd, 2019, and I called the case.  The State was ready and I waited for the defendant.  At 1:47 p.m. I directed the bailiff to call the defendant's name at the doors of the courthouse.  He did not appear.  I continued to wait.  Finally, at 2:30 p.m., we proceeded to begin with the punishment hearing after I found the defendant voluntarily absented himself from Court.

At that time the State put on its evidence, and after hearing the evidence, I assessed a punishment.  I found the enhancement paragraph to be true again, having earlier found the defendant guilty of eight counts.  I hereby assessed a punishment of 18 years' confinement on Counts I, II, III, IV, V, VI, VII and VIII and ordered restitution of $3,987

as a condition of parole. The defendant has since been arrested and is here for sentencing today.

Mr. Allison, do you have anything to say and bar the imposition of the sentence that I'm about to give?

THE DEFENDANT: The only thing I have to say Your Honor is that I -- I was -- I was on drugs trying to support a drug habit when I did this. I did not intentionally do anything to harm anyone as it sounds when it is said "tampering with oil field locations." I -- I understand it's not an excuse, but I thought I was committing misdemeanor theft.

And as far as not showing up, again, I was scared and I was on drugs and I just...

THE COURT: Well, I appreciate your honesty, Mr. Allison.

THE DEFENDANT: That's the only excuse I had, Your Honor. I mean, I had tried -- I got myself into a drug rehab when the U.S. Marshals picked me up back in May, and it's just kind of been downhill since then.

THE COURT: Well, I appreciate your honesty Mr. Allison.

However, I'm going to assess the punishment of 18 years, and I hereby sentence you to a term of 18 years' confinement on counts -- each of the eight counts, I, II, III, IV, V, VI, VII and VIII, and I will give you credit for the time served, which I show to be 17 days.

Does that sound correct?

THE DEFENDANT: That's probably right.

MR. DAHLENBURG: Yes, it does sound right.